[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 2, 2007
THOMAS K. KAHN
CLERK

No. 06-11415

_____

D. C. Docket Nos. 06-00159-CV-T-17-MAP & 92-00141-CR-T-1

ELBERT LESTER WILLIAMS,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(July 2, 2007)**

Before ANDERSON, MARCUS and HILL, Circuit Judges.

PER CURIAM:

The issues presented in this appeal involve the retroactive application of Castro v. United States, 540 U.S. 375, 124 S.Ct. 786 (2003), and, assuming arguendo that Castro should be applied retroactively to this appeal, whether relief is barred by the law of the case or by the statute of limitations. In Castro, the Court held that a district court should provide a pro se litigant certain warnings about the restrictions imposed on successive petitions before recharacterizing a post-conviction motion as a motion pursuant to 28 U.S.C. § 2255, and held that in the absence of such warnings, such a recharacterized motion would not count as a habeas corpus filing that triggers the second or successive petition restrictions of the Antiterrorism and Effective Death Penalty Act ("AEDPA").

We conclude that the statute of limitations issue in this appeal is controlled by our recent decision in Outler v. United States, 485 F.3d 1273 (11th Cir. 2007). Accordingly, we assume arguendo, but expressly do not decide, that Castro does apply retroactively in this case,[1] and that the law of the case doctrine does not bar relief, because we hold that the statute of limitations in this case does bar relief.

Williams's conviction became final before the effective date of AEDPA, and

---

[1] Thus, we assume arguendo, but expressly do not decide, that Williams's August 1996 motion to correct illegal sentence pursuant to Fed.R.Crim.P. 35 and 18 U.S.C. § 3742, which Williams alleges was recharacterized as a § 2255 motion, does not count as a first habeas corpus petition triggering the restrictions on successive filings.

thus he had until April 23, 1997, to file a § 2255 motion, unless one of the later triggering dates in 28 U.S.C. § 2255 ¶¶ 6(2)-(4) applies. Goodman v. United States, 151 F.3d 1335, 1337-38 (11th Cir. 1998). Williams first argues that the alleged recharacterization of his August 1996 motion to correct illegal sentence pursuant to Fed.R.Crim.P. 35 and § 3742 constituted an impediment and thus triggered a new starting date for his statute of limitations pursuant to § 2255 ¶6(2). We rejected that precise argument in Outler. 485 F.3d at 1279. Accordingly, we reject Williams's argument for the same reasons.[2] Thus, we conclude that the statute of limitations in the instant case expired on April 23, 1997.[3]

Williams also argues that the alleged recharacterization of his August 1996 motion should operate to equitably toll the running of his statute of limitations. In addressing this argument, we first set out the holding of our recent Outler decision on the equitable tolling issue. Next, we set out the precise actions of Williams which occurred before his statute of limitations expired. Finally, we assess whether or not those actions warrant equitable tolling under the Outler decision.

---

[2] Although Williams does not argue that Castro constituted a new right which triggered a new limitations starting date under §2255 ¶ 6(3), we also rejected that argument in Outler. 485 F.3d at 1280.

[3] Williams correctly does not suggest that the filing of the August 1996 motion tolls the limitations period. Cf. United States v. Barnes, 437 F.3d 1074, 1079 (11th Cir. 2006) (holding that a Rule 33 motion does not toll the one-year limitations period).

The Outler case involved facts very similar to the instant case. It also involved a conviction which was final before the effective date of AEDPA, and thus it involved a statute of limitations which expired on April 23, 1997. Like Williams, Outler filed a post-conviction motion with the district court well before his statute of limitations expired, which he did not characterize as a § 2255 motion. The district court in Outler actually recharacterized his motion, expressly labeling it as a § 2255 motion, and then denied it on the merits. In analyzing Outler's equitable tolling argument, we held that equitable tolling is available only if the petitioner establishes (1) extraordinary circumstances, and (2) due diligence. Outler, 485 F.3d at 1280 (citing Diaz v. Sec'y for Dep't of Corr., 362 F.3d 698, 702 (11th Cir. 2004)). We also noted that equitable tolling is an extraordinary remedy which is sparingly applied, and that Outler bore the burden of proving equitable tolling. Id. Our Outler opinion focused primarily upon the extraordinary circumstances requirement. Relying upon Gonzalez v. Crosby, 545 U.S. 524, 125 S.Ct. 2641 (2005), we held that the mere change of law effected by Castro did not constitute extraordinary circumstances sufficient to equitably toll the limitations period.[4] Outler, 485 F.3d at 1281.

---

[4] Williams does not argue in this case that the mere change of law effected by Castro satisfies the extraordinary circumstances requirement for equitable tolling. Even if that argument had been made, it would be foreclosed by Outler.

Although in <u>Outler</u> we rejected Outler's argument that a mere change of law would constitute extraordinary circumstances, we also considered other factors urged by Outler as extraordinary. Outler argued that the recharacterization deterred him from filing additional claims, because of the restrictions on successive §2255 motions. We noted that to the extent he was unaware that the recharacterization would impose restrictions to his filing of additional claims, he would of course have experienced no deterrence to filing additional claims before the expiration of his statute of limitations. <u>Id.</u> at 1282. On the other hand, we noted that to the extent he might have been aware that a recharacterization would impose restrictions to his filing of additional claims within his limitations period, common sense indicates that he would have promptly contested such recharacterization and promptly asserted such additional claims, or at least expressed a desire to assert them. <u>Id.</u> We then carefully analyzed the precise actions taken by Outler prior to the expiration of his limitations period, and noted that he made no objection at all in the district court to the district court's actual recharacterization of his motion. In his brief on appeal, which was filed within his limitations period, he made what could at best be deemed a conclusory challenge to the recharacterization, which under the circumstances did not evidence an intent to assert additional claims or indicate that he was deterred in any way by the recharacterization. We declined to

presume, from the mere fact of the recharacterization, that he was deterred from filing additional claims within his limitations period, in the absence of any evidence demonstrating actual deterrence. Thus, focusing upon the actions taken by Outler prior to the expiration of his limitations period, we concluded that Outler had failed to prove that he was deterred by the recharacterization, and thus had failed to satisfy the extraordinary circumstances requirement for equitable tolling.[5]

Next, we set out the precise actions taken by Williams prior to the expiration of his statute of limitations on April 23, 1997, and assess their significance in light of Outler. In August 1996, Williams filed a motion to correct his sentence pursuant to Fed.R.Crim.P. 35 and 18 U.S.C. § 3742. The substance of his claim challenged his sentence on the conspiracy count. He argued that the Guideline provision that was applied to his conduct did not become effective until after the conspiracy ended, and on the basis of the same facts he argued a violation of the Ex Post Facto Clause. The government's response noted that neither Rule 35 nor § 3742 were applicable, and suggested that the court recharacterize the motion as one pursuant to § 2255. The government's brief then addressed the merits of the claim.

---

[5] In Outler, we also noted that the law does not require a court, sua sponte, to remind a pro se litigant that he has only one year to file his claims challenging his conviction. Although Castro requires a warning about the successive restrictions before a court recharacterizes a motion as a § 2255 motion, there is no sua sponte duty to warn about the statute of limitations, of which all litigants, including pro se litigants, are deemed to know. 485 F.3d at 1283 n.4.

6

In Williams's September 1996 response to the government's suggestion that Rule 35 and § 3742 were inapplicable, Williams noted only that many inmates have successfully used Rule 35 and § 3742. However, Williams made no objection to the government's suggestion that the motion be recharacterized, and indeed made no reference to the suggestion other than his comment that Rule 35 and § 3742 had been successfully used by other inmates. Williams did address the merits of his claim, reiterating that the conspiracy ended in January 1989 prior to the effective date of the Guideline provision that was applied.

Unlike the district court in Outler, which actually recharacterized Outler's motion, the district court in the instant case, in its October 1996 order, did not recharacterize Williams's motion. Rather, the district court dealt with it as it was labeled by Williams. The district court held that the arguments should have been raised on direct appeal, and therefore were procedurally barred. Alternatively, the district court held that the arguments had no merit. Although the district court did not recharacterize Williams's motion, or otherwise refer to it as a § 2255 motion, it is true that the docket sheet did label Williams's August 1996 motion as being a motion for relief under § 2255, and did refer to the district court's October 1996 order denying the same as denying a motion under § 2255. However, Williams did not file any pleading in the district court within the period of his statute of

7

limitations challenging this recharacterization on the docket sheet. Also, Williams did not otherwise challenge this recharacterization before his statute of limitations expired; for example, he filed no timely notice of appeal.[6]

Williams filed one other motion in the district court before his statute of limitations expired. In December 1996, Williams filed a motion to dismiss his indictment for lack of jurisdiction. In this motion, Williams argued that the district court in which he was convicted was without jurisdiction because the government failed to produce the grand jury concurrence form reflecting signatures of twelve members of the grand jury voting to indict him.[7] This motion did not challenge the fact that the docket sheet had recharacterized his August 1996 motion pursuant to Rule 35 and §3742 as a §2255. Indeed, Williams's December 1996 motion to dismiss made no reference at all to the August 1996 motion or to its alleged recharacterization. By endorsed order, the district court denied Williams's motion to dismiss on December 12, 1996. Williams appealed this order, but the notice of

---

[6] Williams did file an untimely notice of appeal in August 1997, purporting to appeal the district court's October 1996 order denying his August 1996 motion pursuant to Rule 35 and § 3742. However, that notice of appeal was obviously untimely to appeal the district court's October 1996 order. Moreover, as discussed below, this August 1997 notice of appeal – his first challenge to the recharacterization of his August 1996 motion – came well after his statute of limitations had expired on April 23, 1997.

[7] In November 1996, Williams had filed a request for disclosure of this form. This request added no facts relevant to this appeal.

appeal made no mention of his August 1996 motion pursuant to Rule 35 and §

3742, or the district court's October 1996 denial thereof, and also made no mention

of the recharacterization on the docket sheet. This court affirmed the district

court's order in March 1998.

We conclude that the instant case is controlled by Outler. Like Outler,

Williams never alerted the district court or this Court – before the expiration of his

one-year statute of limitations – that he had additional claims that he wished to

raise in a § 2255 motion, or identified such additional claims. We noted in Outler

that a liberal reading of Outler's brief on appeal, filed before the expiration of

Outler's limitations period, might be deemed to have made a conclusory challenge

to the recharacterization in his case, although the challenge did not evidence an

intent to assert any additional claims, or indicate that he was deterred in any way by

the recharacterization. 485 F.3d at 1283. In the instant case, however, Williams

did not make any challenge at all to the recharacterization in his case until after the

expiration of his limitations period. Thus, our conclusion in this case follows a

fortiori from Outler.

Williams's first challenge to the recharacterization in his case occurred in

August 1997, in his untimely attempt to appeal the district court's October 1996

order, denying Williams's August 1996 motion pursuant to Rule 35 and § 3742. In

9

that August 1997 notice of appeal, Williams did challenge the alleged

recharacterization of his August 1996 motion, noting that the recharacterization

was without his consent and noting the restrictions placed upon successive motions

under § 2255.  Assuming arguendo that the substance of such a challenge would be

evidence that Williams desired to assert additional claims and was being deterred,

this indication by Williams came several months after his statute of limitations

expired on April 23, 1997.  Moreover, even this belated indication is devoid of any

identification of additional claims that Williams might desire to assert.[8]

Subsequent to Williams's initial challenge to the recharacterization in this

case (his belated August 1997 challenge), he has filed numerous pleadings, both in

the district court and in this Court.  All of these motions challenge the

recharacterization and include three motions that Williams himself labeled as

§ 2255 motions, of which the instant motion is the last.[9]  In this respect too,

---

[8] In Outler, we expressed some doubt as to whether a mere expression of a desire to assert unidentified claims, even if expressed prior to the expiration of the limitations period, would toll the time bar.  485 F.3d at 1283 n.5.  We declined to decide that issue in Outler, and similarly there is no need to decide the issue in this case.  Assuming that Williams's August 1997 notice of appeal – challenging the docket sheet's recharacterization and noting the restrictions on successive motions – is an implicit expression of a desire to assert additional claims, that expression came after the statute of limitations had expired and clearly cannot toll the running of the statute.

[9] Briefly summarized, Williams's fillings include: a § 2255 motion filed in May 2001 that raised a new Apprendi issue; a petition for leave to file a first § 2255 motion in September 2003; and the instant § 2255 petition in January 2006 that raised four ineffective assistance of counsel claims and a due process violation.

Williams's case is similar to Outler. As in Outler, Williams's belated challenges all come well after his statute of limitations expired. None of them provide convincing evidence that the recharacterization actually deterred Williams from filing additional claims before the expiration of his limitations period. The substantive claims for relief from his conviction that were in fact asserted prior to the expiration of the statute of limitations were addressed on the merits and denied.

Under all the circumstances, and pursuant to the analysis set out in Outler, Williams has failed to prove that the recharacterization he challenges actually deterred him from asserting additional claims before his statute of limitations expired. Accordingly, all of Williams's arguments in favor of equitable tolling have been rejected, and Williams has failed to prove his entitlement to equitable tolling. Thus, Williams's suit is barred by the statute of limitations and was properly dismissed by the district court.

For the foregoing reasons, the judgment of the district court is

**AFFIRMED.**