[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 02-10114

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
March 10, 2004
THOMAS K. KAHN
CLERK

D. C. Docket No. 01-03082-CV-FAM

LAZARO DIAZ,

Petitioner-Appellant,

versus

SECRETARY FOR THE
DEPARTMENT OF CORRECTIONS,
James Crosby,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(March 10, 2004)**

Before ANDERSON, COX and MAGILL[*], Circuit Judges.

PER CURIAM:

---

[*] Honorable Frank J. Magill, United States Circuit Judge for the Eighth Circuit, sitting by designation.

Petitioner-Appellant, Lazaro Diaz, appeals the district court's decision dismissing his petition for habeas relief pursuant to 22 U.S.C. § 2254, as amended by the 1996 Antiterrorism and Effective Death Penalty Act (AEDPA). On appeal, he contends that the one-year limitations period found in 28 U.S.C. § 2244(d)(1) should be equitably tolled for two reasons. First, he claims that the district court granted his motion for voluntary dismissal of his initial petition without affording him notice that the dismissal might effectively result in any later petition being time-barred. Second, he argues that the limitations period should be tolled due to the fact that he is asserting a claim of "actual innocence."

## I. FACTUAL AND PROCEDURAL BACKGROUND

Diaz was convicted by a Florida jury of two counts of murder and one count of armed burglary with assault on July 21, 1995. He was sentenced to a term of life imprisonment. His convictions were affirmed by Florida's Third District Court of Appeals in a per curiam opinion filed on March 5, 1997, and the mandate issued approximately two weeks later, on March 21, 1997. The 90-day period in which Diaz could have filed a petition in the United States Supreme Court expired on June 19, 1997, at which time the clock began to run on the one-year limitation for the filing of habeas petitions.

Proceeding pro se, Diaz filed his initial petition for habeas relief under §

2254 on March 4, 1998, approximately 258 days after the one-year limitations

period began. On September 17, 1998, 197 days after he filed his petition and 455

days after the one-year limitations period began to run, Diaz moved for a voluntary

dismissal of his petition without prejudice, asserting that he had newly discovered

evidence and additional grounds for collateral relief that he wanted to first present

in state court, and that his petition was prematurely filed. Twenty-eight days later,

on October 15, 1998, the district court granted Diaz's request and dismissed the

petition without prejudice. At that point, 483 days had elapsed since the beginning

of the one-year limitations period.[1]

Diaz then filed a Rule 3.850 motion for relief in the Miami-Dade County

Circuit Court on November 6, 1998, a filing that was timely under Florida's two-

year statute of limitations. In that motion, Diaz alleged twenty-two grounds for

relief, including allegations of prosecutorial misconduct and ineffective assistance

of counsel. He also claimed that Jose Maqueria, a co-defendant who had been

convicted and sentenced to death for the same crimes, had recanted his trial

testimony in which he implicated Diaz. Diaz provided the state court with an

---

[1] Later, the Supreme Court held that a timely § 2254 petition that is dismissed without prejudice will not toll the limitation period. Duncan v. Walker, 533 U.S. 167, 121 S.Ct. 2120 (2001).

3

affidavit from Maqueria, along with affidavits from inmates who claimed that Maqueria told them that Diaz was not involved with the crime.

On January 15, 1999, Diaz filed an amended motion for post-conviction relief in which he claimed that the "22 grounds for relief" all resulted from his counsel's ineffective assistance. On January 4, 2000, the state trial court denied Diaz's 3.850 motion. That decision was affirmed by the Third District Court of Appeals on July 5, 2000. Diaz's motion for rehearing was denied on August 30, 2000. He then filed a petition for a writ of mandamus on May 11, 2001. That petition was denied on July 9, 2001.

On June 7, 2001, 274 days after Diaz's motion for rehearing in state court was denied, Diaz returned to federal court to file his second habeas petition. Again, he claimed twenty-two grounds for relief based on his counsel's alleged ineffective assistance. On December 10, 2001, the district court dismissed his petition as being time-barred.

## II. DISCUSSION

A.  Equitable Tolling

In 1996, Congress passed the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") which added a one-year statute of limitations for the filing of §

2254 motions.[2]   See 28 U.S.C. § 2244(d)(1).   The limitations period is tolled by properly filing direct appeals and collateral relief petitions.[3] § 2244(d)(2).  This Court has also held that, in rare circumstances, this period can be equitably tolled. Drew v. Dep't of Corr., 297 F.3d 1278, 1286 (11th Cir. 2003).  Equitable tolling is to be applied when "'extraordinary circumstances' have worked to prevent an otherwise diligent petitioner from timely filing his petition."  Helton v. Sec'y for

---

[2]      28 U.S.C. § 2244 (d)(1) reads:

A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

[3]  28 U.S.C. § 2244 (d)(2) reads:

The time during which a properly filed application for State post- conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Dep't of Corr., 259 F.3d 1310, 1312 (11ᵗʰ Cir. 2001).  Thus, the petitioner must show both extraordinary circumstances and due diligence in order to be entitled to equitable tolling.  Drew, 297 F.3d at 1286-87.  Because of the difficult burden, this Court has rejected most claims for equitable tolling.  See, e.g., Sandvik v. United States, 177 F.3d 1269 (11ᵗʰ Cir. 1999) (holding that attorney negligence will not warrant equitable tolling); Steed v. Head, 219 F.3d 1298 (11ᵗʰ Cir. 2000) (holding that attorney's miscalculation of the limitations period or mistake could not be the basis for equitable tolling); Helton, 259 F.3d at 1312 (rejecting petitioner's reliance upon counsel's mistaken calculation of limitations period because petitioner did not show due diligence in ascertaining the correct period); Johnson v. United States, 340 F.3d 1219 (11ᵗʰ Cir. 2003) (holding that petitioner's inaction during the year after his conviction was affirmed on direct appeal did not justify equitable tolling).

Diaz asserts[4] that he is entitled to equitable tolling because the district court granted his motion to dismiss his initial § 2254 petition without advising him of the

_____

[4] Diaz also mentions that the claims asserted in his initial § 2254 petition had actually been exhausted, and therefore with respect to those claims there was no need for a dismissal without prejudice so as to pursue state exhaustion.  Thus, Diaz suggests that the district court's ruling was "error."  We can assume that the ultimate truth is that the claims had in fact been exhausted, at least in part.  However, any such error was invited; Diaz's motion to dismiss without prejudice asserted "that his present petition for Writ of Habeas Corpus was filed prematurely and without complete exhaustion of his available state remedies."

statute of limitations consequences.  In making this argument, Diaz relies upon a number of decisions by other circuits that held that district courts which recharacterize pro se prisoners' motions as habeas petitions must give the prisoner notice so that he might amend and add all claims.  See, e.g., United States v. Miller, 197 F.3d 644 (3d Cir. 1999).  Since the time of oral argument in this case, the Supreme Court has decided Castro v. United States, ___ U.S. ___, 124 S.Ct. 786 (2003), in which the Court held that unless pro se prisoners are warned of the effects of a recharacterization on their right to file a subsequent habeas petition, the subsequent petition will not be deemed successive.   However, this line of cases is premised on the district court's sua sponte recharacterization of the motion, and did not involve a district court's mere granting of a petitioner's own motion for voluntary dismissal.  Also, the Court's rationale for its decision distinguishes it from the instant case: the warning will "provide[] the litigant with an opportunity to withdraw, or to amend, the filing."  Id. at ___,  124 S.Ct. at 789.  Diaz's case is different from the line of cases upon which he relies: this case did not involve a recharacterization of Diaz's pleadings; and, significantly, it did not involve any action taken by the district court, either sua sponte or at the sole request of Diaz's opposing party, that prevented Diaz or hindered him from pursuing his pending claims within the period of the statute of limitations or adding additional

7

allegations challenging his conviction before the expiration of the statute of limitations.   Rather, the district court here merely granted the precise action requested by Diaz, a voluntary dismissal of his petition without prejudice.  Finally, the instant case is unlike the cases relied upon by Diaz in a more important way that is crucial to our disposition – Diaz relies upon equitable tolling and he cannot satisfy its prerequisites.

The only relief sought in this argument by Diaz is relief based on the doctrine of equitable tolling.  As noted above, equitable tolling is available only if a petitioner establishes both extraordinary circumstances and due diligence.  Drew, 297 F.3d at 1286.  In this case, Diaz cannot show due diligence.  After waiting 258 days to file his initial federal habeas petition, he waited another 274 days before filing his second federal petition after his motion for rehearing of his state habeas petition was denied.  Without considering the time that the initial federal habeas was pending[5] or the time that the state collateral proceedings were pending,[6] the two foregoing delays total 532 days, exceeding Diaz's one-year time limitation by 167 days.  Diaz offers no excuse for this delay.  Thus, this delay alone constitutes a

---

[5]    The Supreme Court decided in 2001 that the pendency of a federal habeas petition did not toll the one-year statute of limitations under 28 U.S.C. § 2254(d)(2).  Duncan v. Walker, supra, n.1.

[6]    We assume that this time is not counted toward the one-year statute of limitations under § 2254(d)(2).

lack of due diligence and disentitles Diaz to equitable tolling.[7]

B.  Actual Innocence

Diaz argues that § 2244's statute of limitations should be equitably tolled because he raises a claim of actual innocence.  Appellate review in a § 2254 proceeding is limited to the issues specified in the certificate of appealability ("COA").  Murray v. United States, 145 F.3d 1249, 1250-51 (11th Cir. 1998).  Because the COA in this case was limited to the question of whether equitable tolling enlarged the time period for filing, and not whether an actual innocence claim could equitably toll the statute of limitations, we do not address this issue.  Moreover, it is apparent that Diaz had all of the evidence to pursue this argument at least by the time that he filed his first federal habeas petition because he attached Jose Maqueria's affidavit recanting his trial testimony to that petition.  Therefore, he would not qualify for equitable tolling.

AFFIRMED.

---

[7]  Because we conclude that Diaz cannot establish due diligence, we need not address his suggestion that extraordinary circumstances are established here because the court addressing his initial federal habeas petition should have advised him of potential statute of limitations problems before granting his motion to voluntarily dismiss without prejudice.  We realize that such assistance to pro se litigants might be a good thing, but we also realize the considerable burden that would be placed on busy district courts if, before granting the very action requested by a pro se litigant, they were required to assume the role of advocate for the pro se, parse the often hard-to-decipher pleadings, and advise the pro se of all the potential risks of the requested action.  However, because equitable tolling requires both extraordinary circumstances and due diligence, and because of our resolution on due diligence grounds, we need not address this issue.