[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
January 17, 2006
THOMAS K. KAHN
CLERK

No. 04-15351
Non-Argument Calendar

_____

D. C. Docket No. 03-22851-CV-ASG

MIGUEL SALDO,

Petitioner-Appellant,

versus

SECRETARY, James Crosby,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(January 17, 2006)**

Before ANDERSON, BIRCH and WILSON, Circuit Judges.

PER CURIAM:

Miguel Saldo, a state prisoner proceeding *pro se*, appeals the district court's dismissal of his petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, challenging his 30-year state prison sentence for aggravated battery with a firearm and possession of a firearm by a convicted felon. In his petition, Saldo raised several claims of ineffective assistance of counsel. The district court dismissed Saldo's petition because he did not meet the standard the Supreme Court set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). Saldo was granted a certificate of appealability on the issue of ineffective assistance of counsel, based on his claims that his Sixth Amendment rights were violated because: (1) counsel threatened to withdraw if he testified; (2) counsel failed to investigate and call a witness who would testify that he neither had a gun nor shot the victim; (3) counsel opened the door for prejudicial evidence from the victim; and (4) counsel failed to investigate and call witnesses who would provide an alibi to show that he never threatened to kill the victim.

We review the district court's denial of habeas corpus relief de novo, and its findings of fact for clear error. *Pruitt v. Jones*, 348 F.3d 1355, 1356 (11th Cir. 2003), *cert. denied*, 125 S. Ct. 218, 160 L. Ed. 2d 60 (2004). Because Saldo filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-32, 110 Stat. 1214 (1996), the

2

provisions of the act govern this appeal. In order to obtain habeas relief, Saldo must demonstrate that the state court's ruling "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court . . . or . . . was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1), (2). An unreasonable application of clearly established federal law is one in which the "state court identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the [petitioner's] case," or "either unreasonably extends a legal principle from [the Supreme Court's] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Williams v. Taylor*, 529 U.S. 362, 407, 120 S. Ct. 1495, 1520, 146 L. Ed. 2d 389 (2000). This standard requires the application of federal law "to be not only erroneous, but objectively unreasonable." *Yarborough v. Gentry*, 540 U.S. 1, 5, 124 S. Ct. 1, 4, 157 L. Ed. 2d 1 (2003) (per curiam). A state court's factual findings are presumed correct, and a petitioner bears the burden of rebutting the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). Questions whose resolution depend heavily on the trial court's appraisal of witness credibility and demeanor are deemed questions of fact. *See Freund v. Butterworth*, 165 F.3d 839, 862 (11th Cir. 1999) (en banc).

3

To prove ineffective assistance of counsel, the petitioner has the burden to show that: (1) his counsel's performance was deficient, and (2) there is a reasonable probability that the outcome would have been different, but for counsel's deficient performance. *Strickland*, 466 U.S. at 687, 694, 104 S. Ct. at 2064, 2068. "[T]here is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one." *Id*. at 697, 104 S. Ct. at 2069. To prove the deficient performance prong, Saldo must show that counsel made an error so serious that he was not functioning as the counsel guaranteed by the Sixth Amendment. *Id*. at 687, 104 S. Ct. at 2064. There is a strong presumption that counsel's performance was reasonable and adequate, with great deference to reasonable strategic choices. *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994). Thus, "for a petitioner to show that the conduct was unreasonable, [he] must establish that no competent counsel would have taken the action that his counsel did take." *Chandler v. United States*, 218 F.3d 1305, 1315 (11th Cir. 2000) (en banc).

Saldo first argues that he was denied effective assistance of counsel when trial counsel threatened to withdraw if he testified at trial.[1] However, the trial

---

[1]As part of this argument, Saldo claims that the district court should have considered whether the state court granted a fair evidentiary hearing. However, because Saldo did not raise

record forecloses Saldo's argument. Sworn statements on the record, as well as the judge's findings, pose a "formidable barrier in any subsequent collateral proceedings." *Blackledge v. Allison*, 431 U.S. 63, 74-75, 97 S. Ct. 1621, 1629, 52 L. Ed. 2d 136 (1977). Saldo initially denied that he had been coerced into not testifying but subsequently recanted those statements. After giving Saldo an opportunity to testify, the trial court found that Saldo was not coerced. These facts alone suffice to subject Saldo's claim to summary dismissal. As an additional matter, however, at the evidentiary hearing for post-conviction relief, the state court found that counsel testified credibly, and that Saldo did not. Saldo has not presented any evidence other than his testimony to substantiate his claim of ineffective assistance of counsel, nor has he presented any evidence that the state court was incorrect. Consequently, Saldo has not overcome the presumption established in 28 U.S.C. § 2254(e)(1).

Saldo next argues that he received ineffective assistance of counsel because trial counsel failed to investigate and call a witness who would have testified that he neither possessed a gun nor shot the victim.

The district court correctly found that the state court's conclusions were

---

this argument when he applied for a certificate of appealability before the district court, we will not consider the issue. *See Diaz v. Sec'y for Dep't of Corr.*, 362 F.3d 698, 702 (11th Cir. 2004) (per curiam).

5

neither contrary to, nor an unreasonable application of, *Strickland*. The trial record shows that the trial judge informed Saldo he could call *any* other witnesses his attorney did not call and even indicated that there were officers waiting to go get the witnesses. Saldo's sworn statement was that he did not wish to call anyone else. Moreover, Saldo has failed to show prejudice. When Saldo shot the victim, a police officer chased him down and arrested him within minutes, and two other eyewitnesses identified him as the perpetrator. In light of these facts, Saldo has failed to show a reasonable probability that contradictory testimony from one witness would have led to a different result. *See Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068.

In his third claim, Saldo argues that he received ineffective assistance of counsel because his trial counsel opened the door to prejudicial information about his altercation with an elderly woman when examining the victim.

The district court did not err in finding that the state court's decision was neither contrary to, nor an unreasonable application of, federal law. Saldo did not show prejudice and so did not meet the second prong of the *Strickland* test. Evidence that Saldo and the victim had been in a fistfight had already been introduced to the jury, thus providing a motive. Saldo has merely made a conclusory statement that evidence regarding his altercation with an elderly woman

6

was prejudicial but has not shown a reasonable probability that the outcome would have been different. *See Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068.

Finally, Saldo argues that he received ineffective assistance of counsel because trial counsel failed to investigate and call alibi witnesses to defend against allegations that, between shooting the victim and trial, Saldo approached the victim's brother and threatened to kill the victim.[2]

As to this issue, the district court correctly found that the state court's conclusions were neither contrary to, nor an unreasonable application of, *Strickland*. Again, Saldo was informed that he could call any witnesses that his attorney did not call, and he stated under oath that he did not wish to do so. Furthermore, Saldo has not shown how such information could create a reasonable probability that the jury would not convict him of shooting the victim. *See Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068.

Upon review of the record and consideration of the parties' briefs, we conclude that the district court did not err in finding that Saldo's Sixth Amendment rights were not violated based upon his claims of ineffective assistance of counsel. Accordingly, we affirm.

**AFFIRMED.**

---

[2]Saldo has requested an evidentiary hearing as part of his argument on this claim. We will not consider this request, however, because "[a]ppellate review in a [habeas] proceeding is limited to the issues specified in the certificate of appealability." *Diaz*, 362 F.3d at 702.

7