[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 10, 2006
THOMAS K. KAHN
CLERK

--------------------------------------

No. 05-14386
Non-Argument Calendar

--------------------------------------

D.C. Docket  No. 04-00128-CV-BAE-6

RUSTY WIGGINS,

Petitioner-Appellant,

versus

WARDEN PAUL THOMPSON,

Respondent-Appellee.

------------------------------------------------------------------
Appeal from the United States District Court
for the Southern District of Georgia
------------------------------------------------------------------

**(August 10, 2006)**

Before EDMONDSON, Chief Judge, TJOFLAT and MARCUS, Circuit Judges.

PER CURIAM:

Georgia prisoner Rusty Wiggins appeals the district court's denial of his

federal habeas corpus petition, which was brought under 28 U.S.C. § 2254.

Wiggins's appeal is governed by the Antiterrorism and Effective Death Penalty

Act of 1996 ("AEDPA").  The district court granted a certificate of appealability on whether the dismissal of Wiggins's § 2254 petition as barred by the AEDPA's one-year limitations period, 28 U.S.C. § 2244(d)(1), was in error.  No reversible error has been shown; we affirm.

The AEDPA imposes a one-year statute of limitations for filing a § 2254 petition, which begins to run, among other things, on "the date on which the judgment became final."  28 U.S.C. § 2244(d)(1).  A "properly filed application for State post-conviction or other collateral review" tolls the AEDPA limitations period while the state habeas petition is pending.  28 U.S.C. § 2244(d)(2).

Wiggins's AEDPA limitations period began to run when his conviction became final on 26 October 2000.  The limitations period continued to run until April 2001, when the limitations period was tolled because Wiggins filed a state habeas petition challenging his conviction.  In December 2001, the state habeas court held an evidentiary hearing; and at the conclusion of the hearing, the presiding judge told Wiggins that he could an expect a decision within 40 to 60 days.  On 28 August 2003, the state habeas court issued its decision denying Wiggins relief on his habeas petition.  On 16 October 2003, Wiggins filed an application for a Certificate of Probable Cause ("CPC"); and he filed a notice of appeal the next day.  The Georgia Supreme Court dismissed his CPC application

2

as untimely because it was not filed within 30 days of the 28 August 2003 order.[1]

Therefore, Wiggins's AEDPA limitations period ran for an additional 364 days, from 29 September 2003 -- the last day that he could have timely filed his CPC application and notice of appeal -- until 27 September 2004, when Wiggins signed his § 2254 petition. As a result, Wiggins's limitations period included a total of more than 500 days.

This case is about whether Wiggins is entitled to equitable tolling of the AEDPA's one-year limitations period. The August 2003 order denying Wiggins relief on his habeas petition provided that, if Wiggins wanted to appeal the order, he must file a CPC application with the Clerk of the Georgia Supreme Court within 30 days from the date of the order. Wiggins asserts that the state habeas court did not mail him a copy of the 23 August 2003 order until one month later; so he received the order on 25 September 2003. He argues that, as a result, he had insufficient time to prepare and file his CPC application with the Georgia Supreme

---

[1] Because 30 days from 28 August 2003 was 27 September 2003, which was a Saturday, Wiggins had until the following Monday, 29 September 2003, to file timely his CPC application and notice of appeal. See Ga. Code Ann. § 9-14-52(b) (explaining the 30-day filing requirement).

Court in a timely manner, which prevented him from timely filing his § 2254 petition.[2]

"We review <u>de</u> <u>novo</u> the district court's determination that the petition for federal habeas corpus relief was time-barred under section 2244(d)." <u>Steed v. Head</u>, 219 F.3d 1298, 1300 (11th Cir. 2000). We also review <u>de</u> <u>novo</u> the district court's determination that equitable tolling is inapplicable. <u>Id.</u> Still, a district court's determination of relevant facts -- including a determination about a party's diligence -- is reviewed for clear error. <u>Drew v. Dep't of Corr.</u>, 297 F.3d 1278, 1283 (11th Cir. 2002). Here, the district court determined that Wiggins was unentitled to equitable tolling of his AEDPA limitations period because he made no showing that he was diligent in ascertaining the status of his state habeas petition.

"To be entitled to the benefit of equitable tolling, a petitioner must act with diligence, and the untimeliness of the filing must be the result of circumstances beyond his control." <u>Id.</u> at 1286-87. The petitioner is charged with the burden of establishing that equitable tolling should apply. <u>Id.</u> at 1286. "Equitable tolling is

---

[2] If Wiggins had filed his CPC application in a timely manner, his application likely would have been "properly filed," and therefore pending, under 28 U.S.C. § 2244(d)(2), which would have extended the statutory tolling of his limitations period.

an extraordinary remedy which is typically applied sparingly." Steed, 219 F.3d at 1300.

We have explained that "[a] lengthy delay between the issuance of a necessary order and an inmate's receipt of it might provide a basis for equitable tolling if the petitioner has diligently attempted to ascertain the status of that order and if the delay prevented the inmate from filing a timely federal habeas corpus petition." Drew, 297 F.3d at 1288. If a petitioner cannot establish due diligence, we do not need to consider whether extraordinary circumstances existed. Diaz v. Sec'y for Dep't of Corr., 362 F.3d 698, 702 n.7 (11th Cir. 2004).

The record does not show that Wiggins attempted to determine the status of his state habeas petition while it was under consideration by the state habeas court. Although the judge informed Wiggins at his December 2001 evidentiary hearing that a decision would be issued in 40 to 60 days, the state habeas court did not issue its decision until August 2003, and Wiggins claims that he did not receive a copy of the decision until 25 September 2003. Wiggins has not demonstrated that, during this extended period, he made an attempt to learn the status of his case; so he has not shown clearly that he acted diligently, which is required to receive the benefit of equitable tolling. See Drew, 297 F.3d at 1288 (rejecting petitioner's equitable tolling claim because of petitioner's lack of diligence, where the

evidence showed that petitioner made only one inquiry about the status of his pending state habeas petition 16 months after the petition was filed). Therefore, we conclude that the district court did not clearly err in determining that Wiggins was less than diligent. Wiggins was not entitled to equitable tolling of the limitations period; and the district court correctly dismissed Wiggins's § 2254 petition as time-barred.

**AFFIRMED.**