[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Oct. 29, 2009
THOMAS K. KAHN
CLERK

_____

No. 09-10157
Non-Argument Calendar

_____

D. C. Docket No. 08-80207-CR-KLR

KEITH CHRISTIAN COJOCAR,

Petitioner-Appellant,

versus

FLORIDA DEPARTMENT OF CORRECTIONS,
Walter A. McNeil,
ATTORNEY GENERAL OF THE STATE OF FLORIDA,
Bill McCollum,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(October 29, 2009)

Before TJOFLAT, EDMONDSON and FAY, Circuit Judges.

PER CURIAM:

Keith Christian Cojocar, a Florida state prisoner proceeding pro se, appeals the district court's denial of his 28 U.S.C. § 2254 habeas petition. Cojocar argues that the district court violated Clisby v. Jones, 960 F.2d 925, 936 (11th Cir. 1992) by failing to address his claim that the Florida Appellate Court's dismissal of his appeal was contrary to Ortega-Rodriguez v. United States, 507 U.S. 234, 113 S.Ct. 1199, 122 L.Ed.2d 581 (1993). For the reasons set forth below, we vacate the district court's judgment without prejudice and remand for further proceedings.

**I.**

Cojocar, who is serving a 15-year sentence for driving under the influence ("DUI") - manslaughter and DUI - serious bodily harm, filed the present pro se 28 U.S.C. § 2254 petition alleging (1) ineffective assistance of appellate counsel in connection with the direct appeal of his convictions, (2) trial court error in dismissing the appeal of his Fla. R. Crim.P. Rule 3.800 appeal, and (3) trial court error in failing to award him credit for time served for the time he was imprisoned in Costa Rica. In his § 2254 petition, Cojocar explained that a jury convicted him of DUI-manslaughter and DUI - serious bodily harm after he fled the state court's jurisdiction on the final day of his jury trial. Cojocar was sentenced in absentia on March 26, 1998, because he had fled the jurisdiction prior to the rendering of the guilty verdict in his case. On November 2, 2005, Cojocar was apprehended in

2

Costa Rica, where he had been incarcerated from March 15, 2005 through November 2, 2005, based on the charges of which he had been convicted in Florida. Cojocar was extradited to the United States and, since November 2, 2005, has been imprisoned in Florida.

Upon returning from Costa Rica, Cojocar through counsel filed a motion to correct illegal sentence, pursuant to Fla. R.Crim.P. 3.800(a). The Florida state court vacated Cojocar's original sentence of 32 years and reduced the sentence to 15 years' imprisonment. Cojocar's filed an appeal, raising issues that were directed to the 1998 trial and conviction. On June 13, 2006, Cojocar filed a second Rule 3.800 motion, arguing that he should be awarded credit for the time he served in a Costa Rican jail. The court denied this motion and Cojocar filed an appeal, which was consolidated with the appeal of his prior Rule 3.800 motion. The Florida appellate court dismissed both appeals for lack of jurisdiction. In his § 2254 petition, Cojocar argued that appellate counsel was ineffective for failing to seek direct appellate review of his judgment of conviction and for raising issues related to his conviction in the appeal of his Rule 3.800 motion, rather than filing a motion for a belated appeal. Cojocar also argued that the Florida appellate court violated the rule set forth in Ortega-Rodriguez when it dismissed his appeal, stating

> The Fourth District Court of Appeal, "Per Curiam"
> Affirmed both appeals. The State court position is

3

contrary to United States precedent. See Ortega-Rodriguez v. State, 507 U.S. 234 (1993); "it is well settled that when a defendant absconds after filing an appeal, the appellate court has the authority to dismiss the appeal. However, where the defendant absconds and returns before filing an appeal, trial courts are better suited to address the matter" and the appeal must not be dismissed. . . . Petitioner submits that the rationale of Ortega-Rodriguez is persuasive and should be adopted by this Court. . . . Dismissing the appeal is not appropriate punishment when the defendant returns to custody before commencement of the appeal and has not thwarted or exhibited disrespect for the appellate process.

Cojocar noted that the state argued, in its appellate brief, that his willful absconding made a mockery of the state judicial system and prejudiced the state, because certain witnesses and evidence may not be available eight years after the original trial. Finally, Cojocar asserted that the state court erred in refusing to grant him credit for the time he served in a Costa Rican jail.

The state responded that Cojocar's claims of ineffective assistance of counsel and failure to award credit for time served in Costa Rica were not properly before the court, because he failed to exhaust these issues in state court. Nevertheless, the state addressed the merits of these two issues. The state did not directly address Cojocar's argument that the Florida appellate court's dismissal of his appeal violated Ortega-Rodriguez.

The state attached to its response an appendix containing documents filed in

4

the Florida state courts in connection with Cojocar's convictions and sentences and his Rule 3.800 motions. In his first Rule 3.800 motion, Cojocar argued that his sentence was illegal because (1) he was sentenced under guidelines that had been declared to be unconstitutional and (2) he was not present for the reading of the verdict or his sentencing. In a second Rule 3.800 motion, filed by different counsel, Cojocar argued that his sentence was illegal, because he was sentenced under the 1995 Florida Sentencing Guidelines, which the Florida Supreme Court had declared unconstitutional.

The state court resentenced Cojocar to 15 years' imprisonment, based on the fact that Cojocar had originally been sentenced under the unconstitutional 1995 Florida Sentencing Guidelines. Cojocar appealed "the Sentencing Orders this Court rendered in this case on January 5, 2006, which are final Orders sentencing [Cojocar] for DUI Manslaughter (Counts I and II) and DUI Serious Bodily Injury (Count III) and the judgment of conviction of this Court rendered in this case related thereto" (Case No. 4D06-489). Subsequently, Cojocar filed an additional Rule 3.800 motion, asking the court to award him credit for the time he served in a Costa Rican jail. The state court held a hearing and ultimately denied Cojocar's motion. Cojocar appealed this ruling (Case No. 4D06-2841). On appeal, the state appellate court consolidated Case Nos. 4D06-489 and 4D06-2841.

5

In his state appellate brief, Cojocar argued that (1) his convictions were based on insufficient evidence, (2) the trial court erred in admitting certain blood-alcohol test results, (3) the prosecutor misstated the law during closing argument, and (4) the trial court erred in failing to give him credit for the time he served in a Costa Rican jail. The state filed a response, as well as a motion to dismiss for lack of jurisdiction Case No. 4D06-489. In the motion to dismiss, the state asserted that Cojocar's notice of appeal in Case No. 4D06-489 indicated that he was appealing his 1998 conviction; however, the 30-day time limit in which to file a direct appeal of the conviction had expired on March 26, 1998. The state argued that Cojocar would not have been entitled to a belated appeal, even if he had petitioned for one, because he willfully absconded from the court's jurisdiction. Cojocar responded, citing Ortega-Rodriguez for the proposition that an appellate court has authority to dismiss an appeal if the defendant absconds after filing an appeal, but courts should not dismiss an appeal if the defendant absconds before the filing of the appeal. Cojocar argued that, because he absconded before his appeal was filed, Ortega-Rodriguez prohibited the appellate court from dismissing his appeal. The appellate court granted the state's motion to dismiss with respect to Case No. 4D06-489 and affirmed the trial court's ruling with respect to Case No. 4D06-2841.

6

In the district court, Cojocar filed a reply to the state's response. Cojocar argued that counsel was ineffective for filing a motion to correct illegal sentence, rather than a belated appeal. He noted that the state "conceded" that a belated appeal would have rewarded him for fleeing and argued that he, therefore, was prejudiced by counsel's failure to file such an appeal. Cojocar contended that the state failed to show that it would have been prejudiced by the court granting a belated appeal. He also asserted that the state appellate court erred in refusing to hear his claims regarding his original conviction and refusing to credit him with the time he served in a Costa Rican jail.

The magistrate issued a report and recommendation, stating that Cojocar had raised the two issues in his § 2254 petition: (1) counsel was ineffective, "because rather than requesting a belated direct appeal from the original judgment, his counsel filed a notice of appeal from the sentencing order rendered on January 5, 2006, and second notice of appeal from the denial of his motion to correct sentencing error rendered on June 30, 2006," and (2) "[Cojocar] [wa]s being confined pursuant to unlawful sentences, because the trial [court] failed to award him credit for time served for the time [he was] imprisoned in Costa Rica." The magistrate initially noted that Cojocar's first claim was unexhausted and "subject to a prospective procedural bar;" however, it decided "not to deny the claims on

7

procedural grounds" and instead considered the merits of both claims. With respect to the ineffective assistance of counsel claim, the magistrate determined that the failure to file a direct appeal was not the fault of counsel, but instead, was caused by Cojocar's absconding from the state court's jurisdiction. The magistrate noted:

> Certainly, if Cojocar had returned to the jurisdiction within the thirty-day appeal period, he would have been entitled to a direct appeal from his convictions. In Florida, when a defendant absconds after filing an appeal, the appellate court has the authority to dismiss the appeal; however, where the defendant absconds and returns before filing an appeal, the misconduct is a matter for the trial court, not the appellate courts. See Griffis v. State, 759 So.2d 668 (Fla. 2000). See also Ortega-Rodriguez v. United States, 507 U.S. 234, 113 S.Ct. 1199, 122 L.Ed.2d 581 (1993) (holding that when a defendant absconds after the appellate process has begun the appellate court may dismiss the appeal).

The magistrate also pointed out that Cojocar would not have been entitled to the granting of a petition for belated appeal, because Florida law requires such petitions to be filed within two years after expiration of the time to appeal a final order. Accordingly, finding no deficient performance of prejudice, the magistrate recommended denying Cojocar's ineffective assistance of counsel claim. The magistrate found that Cojocar's claim that the state court should have credited him for the time he served in Costa Rica was not cognizable in a federal habeas

8

proceeding and noted that Cojocar would not be entitled to relief even if this claim was cognizable, because "his sentences are lawful pursuant to Florida sentencing law." Accordingly, the magistrate recommended denying Cojocar's § 2254 petition.

Cojocar filed the following objections to the magistrate's report and recommendations. First, Cojocar argued that counsel was ineffective for raising claims relating to his conviction and sentence in his Rule 3.800 appeal and failing to file a belated appeal. He also asserted that there was "no factual basis to conclude [that he] willfully absconded with intent to flee from justice." Finally, Cojocar objected to the magistrate's recommendation that he was not entitled to relief based on the trial court's failure to award him credit for the time he served in a Costa Rican jail.

The district court adopted the magistrate's report and recommendation in its entirety and denied Cojocar's § 2254 motion. Cojocar appealed the district court's denial of his § 2254 petition and we granted a certificate of appealability ("COA") on the following issue only:

> Whether the district court violated Clisby v. Jones, 960 F.2d 925, 936 (11th Cir. 1992) (en banc), by failing to address Cojocar's claim that the Florida Appellate Court's dismissal of his appeal was contrary to Ortega-Rodriguez v. United States, 507 U.S. 234, 113 S.Ct. 1199, 122 L.Ed.2d 581 (1993)?

9

## II.

When reviewing the district court's denial of a habeas petition, we review questions of law and mixed questions of law and fact de novo, and findings of fact for clear error. Nyland v. Moore, 216 F.3d 1264, 1266 (11th Cir. 2000). "Appellate review in a § 2254 proceeding is limited to the issues specified in the [COA]." Diaz v. Dept. Of Corrs., 362 F.3d 698, 702 (11th Cir. 2004).

In Clisby, we expressed our "deep concern over the piecemeal litigation of federal habeas petitions," and exercised our supervisory authority over the district courts, instructed them to resolve all claims for relief raised in a petition for habeas corpus, regardless of whether habeas relief is granted or denied. Clisby, 960 F.2d at 935-36. "A claim for relief for purposes of [Clisby] is any allegation of a constitutional violation." Id. at 936. When a district court does not address all the constitutional claims in a habeas petition, we "will vacate the district court's judgment without prejudice and remand the case for consideration of all remaining claims." Id. at 938.

## III.

As an initial matter, we decline to consider Cojocar's arguments, set forth in his appellate brief, that (1) the district court and state courts failed to determine whether he absconded willfully and whether he was advised of his right to appeal,

(2) dismissal of his state court appeal violated his Fourteenth Amendment equal protection and due process rights, and (3) he was unaware that counsel failed to file a direct appeal, because these claims are outside the scope of the COA. Diaz, 362 F.3d at 702.

In his § 2254 petition, Cojocar clearly argued that the state appellate court violated the rule set forth in Ortega-Rodriguez by dismissing his appeal. The district court failed to address this issue. The magistrate's report and recommendation, which the district court adopted, addressed only two of Cojocar's claims: (1) whether counsel was ineffective for filing Rule 3.800 motions, rather than requesting a belated appeal, and (2) whether the state court erred in failing to award Cojocar credit for the time he served in a Costa Rican jail. Although the magistrate's report and recommendation cited Ortega-Rodriguez, the citation was in reference to Cojocar's ineffective assistance of counsel claim, rather than his claim that the state appellate court erroneously dismissed his appeal. Furthermore, although the state argues that Cojocar's Ortega-Rodriguez argument was raised only in the context of his ineffective assistance of counsel claim, a review of Cojocar's § 2254 petition shows that the Ortega-Rodriguez claim was separate from the ineffective assistance of counsel claim. In his § 2254 petition, Cojocar clearly states that "[t]he State court['s] [dismissal of the appeal] is contrary to

11

United States precedent.  See <u>Ortega-Rodriguez v. State</u>, 507 U.S. 234 (1993)."

This statement clearly indicates that Cojocar is challenging the state court's

dismissal in addition to counsel's failure to petition for a belated appeal.

Accordingly, because the district court failed to address Cojocar's claim that the

state appellate court violated <u>Ortega-Rodriguez</u> by dismissing his appeal, we

vacate the district court's judgment without prejudice and remand for consideration

of this issue.  See <u>Clisby</u>, 960 F.2d at 938.

**VACATED and REMANDED.**