[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 14-14607

_____

D.C. Docket No. 2:13-cv-14211-JEM

ERIC RODRIGUEZ,

Petitioner-Appellant,

versus

SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(November 12, 2015)

Before MARCUS, JULIE CARNES, and EDMONDSON, Circuit Judges.

PER CURIAM:

Eric Rodriguez, a Florida prisoner proceeding pro se, appeals the district court's dismissal of his 28 U.S.C. § 2254 petition as untimely.  We granted a certificate of appealability on these two issues: (1) whether Rodriguez's section 2254 petition was untimely under the Antiterrorism and Effective Death Penalty Act ("AEDPA"); and (2) whether Rodriguez was entitled to equitable tolling of the AEDPA limitations period.  No reversible error has been shown; we affirm.

AEDPA imposes a one-year statute of limitations for filing a section 2254 petition, which begins to run, among other things, on "the date on which the judgment became final."  28 U.S.C. § 2244(d)(1).  A "properly filed application for State post-conviction or other collateral review" tolls the AEDPA limitations period while the state habeas petition is pending.  28 U.S.C. § 2244(d)(2).

Rodriguez's conviction became final -- and his one-year limitations period began to run -- on 27 April 2010.  The limitations period was tolled on 28 July 2010 (after 92 days elapsed), when Rodriguez filed his state habeas petition.  On 3 August 2010, the state court dismissed Rodriguez's petition without prejudice. The limitations period then ran for another 252 days until Rodriguez filed an amended state habeas petition on 12 April 2011.  The limitations period was tolled again until 7 December 2012, when the mandate issued on the state appellate

2

court's affirmance of the denial of Rodriguez's amended petition. At that point, 21 days remained in the limitations period. Rodriguez filed his section 2254 petition on 22 April 2013: 136 days after the mandate issued and 115 days after the 1-year limitations period expired.

On appeal, Rodriguez concedes that, absent equitable tolling, his section 2254 petition was untimely. Rodriguez raises no objections to the district court's calculation of untolled days or the district court's determination that his section 2254 petition was filed after the limitations period had already expired. As a result, Rodriguez has abandoned that argument on appeal. See Timson v. Sampson, 518 F.3d 870, 874 (11th Cir. 2008) (although we construe liberally pro se briefs, "issues not briefed on appeal by a pro se litigant are deemed abandoned.").

Rodriguez argues, instead, that he is entitled to equitable tolling of AEDPA's one-year limitations period based on an alleged delay in receiving the state court's 3 August 2010 order dismissing his initial state habeas petition. Rodriguez contends that he first learned of the state court's 3 August dismissal in March 2011, after he inquired about the status of his petition. As a result, Rodriguez contends that the limitations period should be equitably tolled between 3 August 2010 and 14 March 2011, when the state trial court mailed him a second copy of its 3 August dismissal order.

3

"We review de novo the district court's determination that the petition for federal habeas corpus relief was time-barred under section 2244(d)." Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000). We also review de novo the district court's determination that equitable tolling is inapplicable. Id. Still, a district court's determination of pertinent facts -- including a determination about a party's diligence -- is reviewed only for clear error. Drew v. Dep't of Corr., 297 F.3d 1278, 1283 (11th Cir. 2002).

"Equitable tolling is an extraordinary remedy which is typically applied sparingly." Steed, 219 F.3d at 1300. "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland v. Fla., 130 S.Ct. 2549, 2562 (2010) (quotations omitted). The petitioner bears the burden of establishing that equitable tolling should apply. Drew, 297 F.3d at 1286.

We have explained that "[a] lengthy delay between the issuance of a necessary order and an inmate's receipt of it might provide a basis for equitable tolling if the petitioner has diligently attempted to ascertain the status of that order and if the delay prevented the inmate from filing a timely federal habeas corpus petition." See id. at 1288 (emphasis added). If a petitioner cannot establish due

4

diligence, we do not need to consider whether extraordinary circumstances existed. Diaz v. Sec'y for Dep't of Corr., 362 F.3d 698, 702 n.7 (11th Cir. 2004).

In recommending that Rodriguez's section 2254 petition be denied as untimely, the magistrate judge found that Rodriguez failed to demonstrate that he acted with reasonable diligence.[*] In particular, the magistrate judge determined that Rodriguez (1) waited nearly eight months before inquiring about the status of his state habeas petition, (2) waited a month after actually receiving the state court's 3 August dismissal order to file his amended state habeas petition, and (3) waited over four months after his state habeas proceedings became final to file his section 2254 petition. The magistrate judge concluded that -- even with the alleged delay in receiving the state court's 3 August order -- Rodriguez could have filed a timely section 2254 petition had he acted with reasonable diligence.

Rodriguez filed timely some objections to the magistrate judge's report and recommendation. But important for this appeal, Rodriguez failed to challenge the magistrate judge's factual determination that Rodriguez had not acted diligently. Thus, we review the district court's determination on diligence only for plain error. See LoConte v. Dugger, 847 F.2d 745, 749-50 (11th Cir. 1988) ("Findings of fact

---

[*] The magistrate judge also concluded that Rodriguez was unentitled to equitable tolling because (1) Rodriguez failed to demonstrate that the alleged delay in receiving the state court's 3 August order prevented him from filing a timely section 2254 petition and because (2) Rodriguez failed to provide sufficient proof that he never received the first copy of the state court's 3 August order. Because Rodriguez has failed to demonstrate that he acted diligently, we need not consider the magistrate judge's other independent grounds for denying Rodriguez equitable tolling. See Diaz, 362 F.3d at 702 n.7.

made by a United States magistrate under the authority of 28 U.S.C. § 636, and which are accepted and adopted by the district court without objection by any party, may be reviewed on direct appeal only for 'plain error or manifest injustice.'").

To the extent that Rodriguez raises the diligence issue on appeal, he says only that he "adamantly and consistently pursued his appellate State remedies." Rodriguez provides no factual support for his contention that he acted diligently. He raises no challenge to the district court's factual findings about the time that elapsed before Rodriguez inquired about the status of his state court petition and before he filed his amended state court and federal habeas petitions. In addition, Rodriguez offers no facts to excuse his delay in pursuing his habeas relief and fails to counter otherwise the district court's determination that he was not reasonably diligent.

On this record, we cannot say that the district court plainly erred in determining that Rodriguez was less than diligent. Because Rodriguez failed to satisfy his burden of demonstrating that he acted diligently, he is entitled to no equitable tolling of the limitations period; and the district court dismissed correctly Rodriguez's section 2254 petition as time-barred.

AFFIRMED.

6