[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-12776

Non-Argument Calendar

_____

RAYMOND J. RAMIREZ,

                                        Petitioner-Appellant,

*versus*

SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS,

                                        Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:23-cv-61353-DMM

_____

2                          Opinion of the Court                    23-12776

Before JILL PRYOR, BRANCH, and ANDERSON, Circuit Judges.

PER CURIAM:

Raymond J. Ramirez, proceeding *pro se*, appeals the district court's order granting voluntary dismissal of his 28 U.S.C. § 2254 petition. He argues that the district court abused its discretion by recharacterizing his "Notice of Venue Transfer / Motion to Not Enter Ruling," as a Fed. R. Civ. P. 41(a)(2) motion without providing him notice of its intention to do so. He argues that, had the court provided notice, he would have moved to withdraw the "recharacterized motion" and, instead, moved forward with his habeas corpus proceeding.

"We review *de novo* a district court's decision to dismiss a § 2254 petition . . . [b]ut we review the district court's determination of the relevant facts, such as the petitioner's diligence, only for clear error." *Lugo v. Sec'y, Florida Dept. of Corr.*, 750 F.3d 1198, 1206 (11th Cir. 2014).

In *Diaz v. Sec'y for Dep't of Corr.*, we held that a petitioner was not entitled to equitable tolling of the limitations period for filing a federal habeas petition under the facts in that case. 362 F.3d 698, 702 (11th Cir. 2004). In so doing, we explained that the district court did not err in granting petitioner's motion for voluntary dismissal of his § 2254 petition without advising him of potential statute-of-limitations consequences because "the district court . . . merely granted the precise action requested by Diaz." *Id.* at 701. We noted that the petitioner's case did not involve a

recharacterization of his pleadings. *Id.* Nor did it entail "any action taken by the district court, either *sua sponte* or at the sole request of Diaz's opposing party, that prevented Diaz or hindered him from pursuing his pending claims within the period of the statute of limitations . . . ." *Id.*

Here, the district court did not err in dismissing Ramirez's 28 U.S.C. § 2254 petition without prejudice because it properly construed his transfer motion as requesting a voluntary dismissal. Ramirez's "Notice of Venue Transfer/Motion to Not Enter Ruling" explicitly asked that the district court not rule on his petition, as he was pursuing other challenges to his conviction and sentence, specifically in the Supreme Court and the Broward County Circuit Court. The district court did not act *sua sponte* or at the sole request of the state, and it did not rule in a manner that prevented Ramirez from pursuing his habeas claims within the statute of limitations period. *Id.* Rather, the district court acknowledged that the transfer motion essentially constituted a voluntary dismissal of the case and did as Ramirez asked, as well as cautioning him that the dismissal would not toll the federal limitations period. *Id.* Thus, the district court properly dismissed the § 2254 petition because it merely granted the request that Ramirez made in his "Notice of Venue Transfer/Motion to Not Enter Ruling." *Id.*

Accordingly, the decision of the district court is

**AFFIRMED.**