[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
October 31, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-15163
Non-Argument Calendar
_____

D. C. Docket No. 04-80355-CV-DMM

MILLARD CHAVERS,

Petitioner-Appellant,

versus

SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(October 31, 2006)

Before BLACK, CARNES and MARCUS, Circuit Judges.

PER CURIAM:

Millard Chavers, a Florida state prisoner proceeding pro se, appeals the dismissal of his habeas corpus petition, which he had brought under 28 U.S.C. § 2254, as barred by the one-year statute of limitations of the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (1996). We granted a certificate of appealability as to "[w]hether the district court properly determined that [Chavers's] § 2254 petition was time-barred after concluding that the one-year statute of limitations period began to run 90 days after the Florida Fourth District Court of Appeal entered its judgment affirming his convictions, instead of 90 days after the mandate was issued." Compare Diaz v. Sec. for the Dep't of Corr., 362 F.3d 698 (11th Cir. 2004) with Bond v. Moore, 309 F.3d 770 (11th Cir. 2002).

We review de novo a district court's denial of a habeas petition as untimely. Nix v. Sec'y for the Dep't of Corr., 393 F.3d 1235, 1236 (11th Cir. 2004), cert. denied, 125 S. Ct. 2908 (2005). Under the AEDPA, a state prisoner's petition for federal habeas review is governed by a one-year statute of limitations period that commences on the latest of four triggering dates. The triggering date in play here is the date on which conviction becomes final "by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The judgment becomes "final" on the date in which the United States Supreme

2

Court either issues a decision on the merits of the petitioner's direct appeal or denies certiorari, or after the expiration of the 90-day period in which the petitioner could have filed a petition for a writ of certiorari. Bond, 309 F.3d at 773.

The Supreme Court is authorized by statute to prescribe rules setting the "time for appeal or application for a writ of certiorari to review the judgment of a State court in a criminal case." 28 U.S.C. § 2101(d). The Court has done so in its Rule 13, which provides that "a petition for a writ of certiorari to review a judgment in any case, civil or criminal, entered by a state court of last resort . . . is timely when it is filed with the Clerk of this Court within 90 days after entry of the judgment." Sup. Ct. R. 13.1 (emphasis added). If Rule 13.1 is unclear about when the 90-day period begins to run, Rule 13.3 leaves no doubt. It specifies that "[t]he time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate (or its equivalent under local practice)." Id. at 13.3.

Chavers' contention that we should disregard Rule 13.3 is based on dicta from the Diaz opinion, which dealt with equitable tolling under the AEDPA. 362 F.3d at 700–02. In the procedural background section, we mentioned that the "90-day period in which Diaz could have filed a petition in the United States Supreme Court expired on June 19, 1997." Id. at 699. Working backwards 90 days from

3

June 19, 1997 reveals that we used the date that the mandate issued rather than the date of judgment to calculate the statute of limitations.  See id.  Our error in doing that had no effect on the outcome of the case, because we concluded that Diaz's petition was untimely and it would have been even more so had we measured from the date of judgment.  Id. at 702.

The extraneous language from Diaz is not binding on this Court.  The holdings of a prior decision can reach only as far as the facts and circumstances frame the precise issue presented in that case.  United States v. Aguillard, 217 F.3d 1319, 1321 (11th Cir. 2002); Browning v. AT&T Paradyne, 120 F.3d 222, 225 n.7 (11th Cir. 1997).  Even if the statute of limitations language from the Diaz opinion had been part of that case's holding, it would not be binding on us.  Two years before Diaz, we measured the expiration of a 90-day period for filing a petition for a writ of certiorari from the date of the entry of judgment, citing Rule 13.  Bond, 309 F.3d at 774.  Where two decisions of this Court contradict, we follow the one earlier in time.  United States v. Steele, 147 F.3d 1316, 1318 (11th Cir. 1998) (en banc);  Cohen v. Office Depot, Inc., 204 F.3d 1069, 1072 (11th Cir. 2000).

We now hold, as we said in Bond, that the entry of judgment, and not the issuance of the mandate, is the event that starts the running of time for seeking Supreme Court review, within the meaning of Supreme Court Rule 13.3 and 28

4

U.S.C. § 2244(d)(1)(A). The Florida appellate court affirmed Chavers' conviction on November 22, 2000, although the mandate was not issued until December 8, 2000. The one-year statute of limitations period began to run 90 days from the earlier date, on February 20, 2001, because that is when the time for seeking Supreme Court review expired. Even after excluding time tolled while Chavers sought post-conviction relief, his federal habeas petition, filed on April 9, 2004, was untimely. Therefore, the district court's dismissal of this case was proper.

**AFFIRMED.**