[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 15, 2007
THOMAS K. KAHN
CLERK

_____

No. 07-11733
Non-Argument Calendar

_____

D. C. Docket No. 07-00386-CV-T-23-MSS

CARLTON L. GROOMS,

                                                        Petitioner-Appellant,

versus

SECRETARY, DEPARTMENT OF CORRECTIONS,
ATTORNEY GENERAL OF THE STATE OF FLORIDA,

                                                        Respondents-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(November 15, 2007)**

Before DUBINA, BARKETT and PRYOR, Circuit Judges.

PER CURIAM:

Appellant Carlton Grooms, a Florida state prisoner proceeding *pro se*,

appeals the dismissal of his federal habeas petition, 28 U.S.C. § 2254, as barred by the one-year statute of limitations of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996). We granted a certificate of appealability as to whether the district court erred in dismissing the petition as untimely. Grooms argues that his direct appeal concluded on December 9, 2005, that 90 days later on March 9, 2006, the statute of limitations began to run, and that he filed his petition before the one-year deadline expired. The state concedes in its brief that Grooms's federal habeas petition was timely.

The district court's interpretation and application of the AEDPA's one-year statute of limitations is a question of law that we review *de novo*. *Hepburn v. Moore*, 215 F.3d 1208, 1209 (11th Cir. 2000) (§ 2244(d)).

The AEDPA establishes a one-year statute of limitations for filing § 2254 petitions, which begins to run following the latest of four events, one of which is the day that the judgment becomes final. 28 U.S.C. § 2244(d)(1). The judgment becomes "final" on the day which the U.S. Supreme Court issues a decision on the merits of the petitioner's direct appeal, denies certiorari, or after the expiration of the 90 days in which the petitioner could file a petition for certiorari. *Bond v. Moore*, 309 F.3d 770, 773-74 (11th Cir. 2002). The 90-day period applies to *per curiam* judgments from the Florida District Courts of Appeal. *See Chavers v.*

2

*Sec'y, Florida Dep't of Corr.*, 468 F.3d 1273, 1274-75 (11th Cir. 2006) (applying the 90-day period from the date of judgment of a Florida District Court of Appeal).

In this case, the Florida Second District Court of Appeal affirmed Grooms's conviction on December 9, 2005. *Grooms v. State*, 916 So.2d 799 (Fla. Dist. Ct. App. 2005) (table). The district court erroneously found that January 8, 2006, was 90 days after December 9, 2005. The correct day to start the clock on the statute of limitations was March 9, 2006. Thus, Grooms's February 27, 2007, petition was timely because he filed it before the one-year deadline of March 9, 2007. Accordingly, we vacate the judgment of dismissal and remand this case for further consideration of the § 2254 petition.

**VACATED AND REMANDED.**