[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 7, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-10955

_____

D. C. Docket No. 07-21934-CV-ASG

JOSHUA  D. CLARKE,

Petitioner-Appellant,

versus

DEPARTMENT OF CORRECTIONS STATE OF
FLORIDA,
Walter A. McNeil, Secretary,
ATTORNEY GENERAL OF THE STATE OF
FLORIDA,
Bill McCollum,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(May 7, 2009)

Before MARCUS and PRYOR, Circuit Judges, and SCHLESINGER,* District
Judge.

---

* Honorable Harvey E. Schlesinger, United States District Judge for the Middle District
of Florida, sitting by designation.

PER CURIAM:

Joshua D. Clarke appeals from the district court's denial of his pro se 28 U.S.C. § 2254 petition for writ of habeas corpus. The district court granted a certificate of appealability ("COA") on the limited issue of "whether appellant's habeas petition is time-barred." On appeal, the question before us turns on whether a belated direct appeal Clarke filed in state court was part of the direct appeal process or was a collateral proceeding -- an issue that has recently been addressed by the Supreme Court in Jimenez v. Quarterman, 129 S. Ct. 681 (2009). After thorough review, we reverse and remand for further proceedings in light of Jimenez.

We review de novo the district court's decision that a habeas petition is time-barred. Hepburn v. Moore, 215 F.3d 1208, 1209 (11th Cir. 2000).

The relevant facts and procedural history are as follows. On July 16, 2001, the state trial court sentenced Clarke to five years' imprisonment for six counts of attempted robbery and to life imprisonment for four counts of felony causing bodily injury. Clarke's time to file a direct appeal from his convictions and sentences expired on August 15, 2001. See Fla. R. App. P. 9.110(b), amended by Fla. Ct. Order 02 (2009). On January 9, 2002, Clarke filed a petition for belated direct appeal, arguing that his private trial counsel neglected to inform his

appointed appellate counsel of his appointment or Clarke's request to appeal. On January 22, 2002, the state court granted the petition for belated direct appeal, stating that "[its] order shall serve as a timely notice of appeal from the judgment and sentence." On March 26, 2003, the state appellate court per curiam affirmed Clarke's convictions and sentences, and on April 11, 2003, issued its mandate.

Thereafter, beginning on March 19, 2004, Clarke filed in the state trial court two collateral motions for postconviction relief challenging his convictions and sentences, as well as a motion for rehearing -- all of which were denied by December 15, 2004. Then, from February 17, 2005 onward, Clarke filed in state court several other petitions for collateral relief, and these uniformly unsuccessful state collateral proceedings remained pending until July 27, 2007, when Clarke filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in federal district court.

After reviewing Clarke's § 2254 petition, the magistrate judge recommended denying the petition as time-barred under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), which imposes a one-year statute of limitations for filing a § 2254 petition. 28 U.S.C. § 2244(d)(1). The magistrate judge began by recognizing that pursuant to the AEDPA, the limitations period in this case was triggered by "the date on which

3

the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).[1]  The magistrate judge noted, however, that it was debatable whether Clarke's judgment became final on August 15, 2001, when the time for him to file a direct appeal from his convictions and sentences expired, or in March or April of 2003, when his petition for belated direct appeal of his convictions and sentences was resolved.  The magistrate judge found no cases in this Circuit answering whether an out-of-time appeal taken from the judgment of conviction itself acts to toll the time that passes after the order or judgment becomes final until the application for the belated appeal is filed, and noted that there was a split of authority on this issue among the other circuits.

Persuaded by the reasoning of the Fifth Circuit in Salinas v. Dretke, 354 F.3d 425 (5th Cir. 2004), the magistrate judge determined that Clarke's judgment was final on August 15, 2001, regardless of his January 9, 2002 motion for belated appeal.  As a result, the magistrate judge found that 159 days of the one-year limitations period expired before Clarke filed his petition for a belated direct appeal in state court.  The magistrate judge further noted that other periods of

---

[1] The AEDPA further provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation."  28 U.S.C. § 2244(d)(2).

untolled time had passed after this date but before Clarke filed his § 2254 petition, including the 268-plus days between when the state appellate court resolved Clarke's motion for belated direct appeal of his convictions and sentences and when Clarke filed his first batch of collateral motions in state court. Adding 159 days to 268 days, the magistrate judge concluded that at least 427 days of untolled time had passed before Clarke filed his § 2254 petition, and therefore, that Clarke's petition was untimely.[2]

Over Clarke's objections, the district court adopted and affirmed the magistrate judge's recommendation. Clarke filed a notice of appeal, which the district court construed as a motion for a COA. The district court acknowledged that this Court had yet to specify whether belated direct appeals were collateral

---

[2] The magistrate judge also observed that the timeliness of Clarke's petition presented a second unresolved issue: whether Clarke was entitled to statutory tolling under § 2244(d)(2) for the 90-day period following the resolution of his belated direct appeal, during which he could have filed a petition for writ of certiorari to the United States Supreme Court, but failed to do so. See generally Pugh v. Smith, 465 F.3d 1295, 1299 (11th Cir. 2006) ("In our decisions regarding the timeliness of habeas petitions filed by Florida prisoners, we have required the inclusion of the 90-day period for seeking direct review in the Supreme Court whenever the prisoner sought review in the highest court of Florida in which direct review could have been had."); Chavers v. Sec'y, Fla. Dep't of Corr., 468 F.3d 1273, 1275 (11th Cir. 2006) (holding that the 90-day period runs from the date of entry of the judgment sought to be reviewed, rather than from the issuance of the mandate); Nix v. Sec'y for Dep't of Corr., 393 F.3d 1235, 1236-37 (11th Cir. 2004) (holding that a state prisoner's conviction becomes final when the U.S. Supreme Court denies certiorari or issues a decision on the merits, or when the 90-day period in which to seek certiorari expires, regardless of whether the defendant raised any federal issues in his direct appeal). The magistrate judge did not resolve this issue, because the court had previously determined that Clarke was not entitled to toll the time before he filed his petition for a belated direct appeal and had therefore far exceeded the one-year statute of limitation, whether or not this 90-day period was considered tolled.

proceedings and granted a COA in light of this unresolved question to determine "whether appellant's habeas petition is time-barred."

After the parties briefed the issue to this Court, the Supreme Court decided Jimenez, which held that "where a state court grants a criminal defendant the right to file an out-of-time direct appeal during state collateral review, but before the defendant has first sought federal habeas relief, his judgment is not yet 'final' for purposes of § 2244(d)(1)(A)." 129 S. Ct. at 686. Jimenez further held that in these kinds of cases, the petitioner's conviction does not become "final" until "the availability of direct appeal to the state courts, and to th[e Supreme] Court, has been exhausted." Id. at 685 (quotations and citations omitted). Jimenez thus answers the question underlying the COA in this case, and directs that the 159-day delay between Clarke's conviction and petition for a belated direct appeal of his conviction should be considered tolled time for purposes of calculating the statute of limitations under the AEDPA. As a result, the district court erred by including those days as untolled in its calculation.

Accordingly, we REVERSE the district court's order and REMAND for further proceedings in light of Jimenez.

**REVERSED and REMANDED.**