[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-11932
Non-Argument Calendar
_____

D. C. Docket No. 8:09-cv-01458-EAK-AEP


JAMES ALTON PRICE,

Petitioner-Appellant,

versus

SECRETARY DEPARTMENT OF CORRECTIONS,
ATTORNEY GENERAL, STATE OF FLORIDA,

Respondents-Appellees.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____
(September 7, 2012)

Before HULL, EDMONDSON, and BLACK, Circuit Judges.


PER CURIAM:

Petitioner James Alton Price, a prisoner of Florida, appeals the district

court's denial for untimeliness of his 28 U.S.C. § 2254 petition for a writ of habeas corpus.

The district court decided that Petitioner's habeas petition was untimely because his first state postconviction motion (under Florida Rule of Criminal Procedure 3.850) was improperly filed and, therefore, did not toll the one-year statute of limitations of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  We granted a Certificate of Appealability to decide whether the district court erred in dismissing the section 2254 petition as time-barred; we affirm the district court's decision.

Neither party disputes that, if Petitioner's filing of his first Rule 3.850 motion began the tolling of the one-year AEDPA statute of limitations, his section 2254 petition would be considered timely filed.  But Petitioner's first Rule 3.850 motion was dismissed without prejudice; Petitioner filed an amended Rule 3.850 motion eighty-eight days later.  If Petitioner's filing of his amended Rule 3.850 motion -- instead of the filing of his first Rule 3.850 motion -- establishes the date to begin the tolling of the limitations period, 388 untolled days ran between the day Petitioner's judgment of conviction became final and the day he filed his section 2254 petition in the district court; his section 2254 petition would be time-barred.  The timeliness of Petitioner's section 2254 petition, therefore, turns on

2

whether his first Rule 3.850 motion for postconviction relief was "properly filed" under AEDPA.

We review de novo a district court's dismissal of a federal habeas petition, including the determination that a petition is time-barred under section 2244(d). See Arthur v. Allen, 452 F.3d 1234, 1243 (11th Cir. 2006). Under AEDPA, a prisoner serving a sentence for a state conviction has one year from the date his judgment of conviction and sentence becomes final to file a petition for a writ of habeas corpus in federal court. § 2244(d)(1)(A). The limitation period is tolled for "[t]he time during which a properly filed application for State postconviction or other collateral review" is pending. § 2244(d)(2) (emphasis added).

"[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." Artuz v. Bennett, 121 S. Ct. 361, 364 (2000). The question for us in this case is whether Petitioner's first Rule 3.850 motion was "properly filed" in compliance with the Florida Rule 3.850 requirements to toll the AEDPA limitations period; we conclude that it was not properly filed.

Rule 3.850(c)(6) -- by its very words -- requires a prisoner's motion for postconviction relief to include, among other things, "a brief statement of the

3

facts" supporting the motion.[1]  The Florida postconviction court's dismissal without prejudice of Petitioner's first Rule 3.850 motion reads this way:

> Defendant's Motion sets forth sixteen claims for post-conviction relief.  However, the Defendant's Motion totals over 250 pages. Under Rule 3.850, Fla. R. Crim. P., a motion shall include "a brief statement of the facts (and other conditions) relied on in support of the motion."  Id.  The Court finds that 250 pages to set forth sixteen claims is excessive.

Petitioner argues that his Rule 3.850 motion was properly filed because no page-limit requirement existed under Florida law when he filed the motion.  He says that, after Siebert v. Campbell, 334 F.3d 1018, 1025 (11th Cir. 2003), a prisoner's noncompliance with a state's filing requirements will render his state postconviction petition improperly filed only if the state postconviction filing rule is "firmly established and regularly followed."  And because no firmly established and regularly followed page-limit requirement existed when he filed his state postconviction motion, Petitioner says his first motion was properly filed, tolling the AEDPA limitations period and preserving his federal habeas petition.

---

[1]After the state court denied Petitioner's Rule 3.850 motion, the Florida Legislature revised some of Rule 3.850.  The rule now includes this language:

> Motions shall be typewritten or hand- written in legible printed lettering, in blue or black ink, double-spaced, with margins no less than one inch on white 8 1/2-by-11 inch paper. No motion, including any memorandum of law, shall exceed 50 pages without leave of the court upon a showing of good cause.

Fla. R. Crim. P. 3.850(c).

4

We disagree.  We accept that "brief statement" means and must be reasonably understood to have this meaning: short or expressed in a few words. The word "brief" might allow for some range, but 250 pages is beyond the edge. And our attention has not been called to instances of other multi-hundred page Rule 3.850 motions being allowed to go forward in Florida.  Furthermore, our decision in Siebert addressed a different issue: an Alabama court had dismissed Siebert's motion for postconviction relief as untimely, and we said that the motion was nonetheless "properly filed" because the pertinent timeliness requirement was not regularly followed by the Alabama courts.  334 F.3d at 1031.  More important, the Supreme Court reversed our decision in Siebert, stressing that "[w]hen a postconviction petition is untimely under state law, that is the end of the matter for purposes of § 2244(d)(2)."  Allen v. Siebert, 128 S. Ct. 2, 4 (2007), (quoting Pace v. DiGuglielmo, 125 S. Ct. 1807 (2005)).  Besides, no part of the state court's decision, in this case, indicates that Petitioner's Rule 3.850 motion was dismissed by the state court for untimeliness.

The state court dismissed Petitioner's Rule 3.850 motion without prejudice for failing to comply with the expressed requirement  of Rule 3.850 that his motion include a "brief statement of the facts."  That a Rule 3.850 motion include a brief statement of the facts is a written requirement of the Rule that must be

5

followed by all litigants: a rule that prescribes the form of Rule 3.850 filings in the Florida courts.  See Artuz, 121 S. Ct. at 365 (filing requirements "prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee.").  As determined by a Florida state court, Petitioner failed to comply with the Rule 3.850 "brief statement" filing requirement.

Given Florida's "brief statement" requirement, Petitioner's first Rule 3.850 motion for postconviction relief was improperly filed; the AEDPA one-year limitation period was tolled from the day he filed his amended Rule 3.850 motion. Petitioner's section 2254 petition for a writ of habeas corpus was therefore untimely; we affirm the district court's decision.

AFFIRMED.