[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-11190
Non-Argument Calendar
_____

D.C. Docket No. 0:09-cv-61823-FAM


EDWIN MATOS,

                                                              Petitioner-Appellant,

versus


SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS,

                                                              Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(February 24, 2015)

Before MARCUS, WILSON, and WILLIAM PRYOR, Circuit Judges.

PER CURIAM:

Edwin Matos, a Florida prisoner proceeding pro se, appeals the district court's denial of his 28 U.S.C. § 2254 federal habeas petition.  Matos was convicted of two counts of manslaughter and two counts of vehicular homicide after his vehicle struck and killed two teenage girls who were in another vehicle that was backing out of a driveway in a residential neighborhood.  The district court determined that Matos's § 2254 petition was untimely.  However, out of an abundance of caution, the court considered the merits of the petition and denied it on that basis as well.

The district court granted a certificate of appealability (COA) on the following five issues: (1) whether Matos's § 2254 petition was timely filed under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA); (2) whether trial counsel's failure to retain an expert to contest the introduction of the Sensing and Diagnostic Module (SDM) and Event Data Recorder (EDR)[1] evidence indicating the speed of Matos's vehicle at the time of collision constituted ineffective assistance of counsel; (3) whether trial counsel's failure to present witnesses to give testimony on several alleged modifications to Matos's vehicle and the modifications' impact on the SDM/EDR evidence constituted ineffective assistance of counsel; (4) whether trial counsel's alleged failure to provide

---

[1] A vehicle's SDM/EDR, much like the "black box" of an airplane, records data about the vehicle, including speed at the time of a collision.

2

"reciprocal discovery" with respect to Matos's vehicle and modifications thereto constituted ineffective assistance of counsel; and (5) whether the state prosecutor's presentation of the SDM/EDR evidence constituted misconduct resulting in the denial of Matos's rights to confrontation and due process.

After a thorough review of the record and consideration of the parties' briefs, we affirm.

## I. Timeliness

First, we address whether Matos's § 2254 petition was timely filed. We review a district court's dismissal of a § 2254 petition as untimely de novo. *Spottsville v. Terry*, 476 F.3d 1241, 1243 (11th Cir. 2007). "Under the [AEDPA], a state prisoner's petition for a writ of habeas corpus is governed by a one-year statute of limitations, and that year commences on the date the conviction becomes final. . . . " *Id.* (internal quotation marks omitted). A conviction becomes final "on the date in which the United States Supreme Court either issues a decision on the merits of the petitioner's direct appeal or denies certiorari, or after the expiration of the 90-day period in which the petitioner could have filed a petition for a writ of certiorari." *Chavers v. Sec'y, Fla. Dep't of Corr.*, 468 F.3d 1273, 1274–75 (11th Cir. 2006) (per curiam).

The AEDPA's one-year statute of limitations is tolled when properly filed applications for state post-conviction or other collateral review are pending. 28

U.S.C. § 2244(d)(2).  We have recognized a motion for state post-conviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850 as an application for state post-conviction or other collateral review under 28 U.S.C. § 2244(d)(2).  *Day v. Crosby*, 391 F.3d 1192, 1192–93 (11th Cir. 2004) (per curiam).

Here, we conclude that Matos's § 2254 petition was timely filed.  Matos's judgment of conviction and sentence became final on December 11, 2005, when his opportunity to file a petition for a writ of certiorari to the United States Supreme Court expired 90 days after the Florida Supreme Court declined to accept jurisdiction of his direct appeal on September 12, 2005.  *Chavers*, 468 F.3d at 1274–75.  On February 23, 2006, seventy-four days later, Matos filed his Rule 3.850 motion for post-conviction relief in state court.  On January 30, 2009, the state appellate process ended.  Thus, for nearly a three-year period, the AEDPA clock remained tolled.  *See Carey v. Saffold*, 536 U.S. 214, 219–20, 122 S. Ct. 2134, 2138 (2002) (holding that a petitioner's claim is "pending" for the entire term of state court review, including those intervals between one state court's judgment and the filing of an appeal with a higher state court).  As of January 30, 2009, Matos had only used seventy-four days of his 365 days.  On November 13, 2009, 287 days later, Matos filed his § 2254 petition.  Matos had used 361 days of his time, and, therefore, his petition was timely.  The district court erred in finding

4

his petition untimely.  But, since the court also denied the petition on the merits, this was not reversible error.

## II. Ineffective Assistance of Counsel

Since the next three issues concern issues of ineffective assistance of counsel stemming from use at trial of data from Matos's vehicle's SDM/EDR, and trial counsel's failure to show that modifications to Matos's vehicle would impact the reliability of that data, we address these issues concurrently.

"We review the district court's conclusions on legal questions and mixed questions of law and fact de novo and its factual findings for clear error." *Powell v. Allen*, 602 F.3d 1263, 1268 (11th Cir. 2010) (per curiam).  "[O]ur review of the [state] habeas court's decision is limited by the terms of 28 U.S.C. § 2254, as amended by the [AEDPA]." *Id.* (citations and footnote omitted).  Under the AEDPA, we presume that the state court's factual findings are correct. *Id.* Therefore, we "grant habeas relief to a petitioner challenging a state court's factual findings only in those cases where the state court's decision was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." *Id.* (internal quotation marks omitted).

Similarly, the AEDPA "constrains our review of legal questions decided on the merits in state court." *Id.*  The proper inquiry under § 2254(d) as to the

5

relevant state court decision is whether the state court's "ultimate conclusion" was contrary to or involved an objectively unreasonable application of federal law. *See Gill v. Mecusker*, 633 F.3d 1272, 1291 (11th Cir. 2011). Therefore, the focus is on the state court's decision or resolution of the case, not on the state court's reasoning that led to the result. *Id.* at 1290–91.

Under the "contrary to" clause of § 2254(d), a court "may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." *Powell*, 602 F.3d at 1269 (internal quotation marks omitted); *see also* 28 U.S.C. § 2254(d). Under the "unreasonable application" clause of § 2254(d), a court "may grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* (internal quotation marks omitted)

"[T]he proper standard for attorney performance is that of reasonably effective assistance." *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984). To prevail on a claim of ineffective assistance of counsel, a petitioner must establish (1) that his attorney's performance was deficient; and (2) his defense was prejudice by the deficient performance of his attorney. *Id*. Once a court decides that the prejudice prong has not been met, it need not decide whether

6

the performance prong has been satisfied. *See Duren v. Hopper*, 161 F.3d 655, 660 (11th Cir. 1998). The state court need not cite to, or even be aware of, Supreme Court precedent, so long as its decision is not inconsistent therewith. *Early v. Packer*, 537 U.S. 3, 8, 123 S. Ct. 362, 365 (2002) (per curiam).

Here, we conclude that Matos's ineffective-assistance-of-counsel claims are without merit. At trial, numerous sources, other than the SDM/EDR data, indicated that Matos was driving well above the thirty-mile-per-hour speed limit. Because other significant evidence also indicated that Matos was driving at a reckless speed, we cannot conclude that any failure by trial counsel to undermine the reliability of the SDM/EDR data was prejudicial. Matos also failed to establish that he was prejudiced by trial counsel's alleged failure to retain an SDM/EDR expert or from trial counsel's failure to provide reciprocal discovery with respect to modifications to Matos's vehicle, since the record reveals that defense trial counsel retained John Buchanan, former police officer, traffic accident reconstructionist, and SDM/EDR expert, who challenged the state's expert witness's calculations of Matos's speed at the time of the collision. Buchanan testified that SDM data can be unreliable, that Matos's car was modified, and that the SDM evidence could not be reconciled with the physical evidence. Therefore, we conclude that the district court properly concluded that Matos's claims of ineffective assistance of counsel did not warrant federal habeas relief.

## III.    Prosecutorial Misconduct

### A. Exhaustion Requirements

As a preliminary matter, we must address the issue of whether or not Matos exhausted all state remedies regarding his claim of prosecutorial misconduct. Whether a claim is exhausted presents a mixed question of law and fact, subject to de novo review. *Fox v. Kelso*, 911 F.2d 563, 568 (11th Cir. 1990). The exhaustion requirement derives from principles of comity, which protect the state court's role in the enforcement of federal law and prevent disruption of state court proceedings. *Rose v. Lundy*, 455 U.S. 509, 518, 102 S. Ct. 1198, 1203 (1982). A district court may deny a federal habeas corpus petition on the merits of the claim, even if the petitioner did not exhaust state remedies. *See* 28 U.S.C. § 2254(b)(2).

The district court erred when it concluded that Matos's prosecutorial misconduct claim had been exhausted. Matos did not bring allegations of prosecutorial misconduct in his direct appeal, in his pro se petition for writ of habeas corpus before the state appellate court, or in his Rule 3.850 motion. However, Matos's failure to exhaust state court remedies does not preclude the district court from considering Matos's prosecutorial misconduct claim on the merits, as it did here. *Rose*, 455 U.S. at 518, 102 S. Ct. at 1203; *see also* 28 U.S.C. § 2254(b). Thus, we consider them here.

### B. Merits of Prosecutorial Misconduct Claims

Finally, we determine whether the state prosecutor's presentation of the SDM/EDR evidence constituted misconduct. "We review the district court's conclusions on legal questions and mixed questions of law and fact de novo and its factual findings for clear error." *Powell*, 602 F.3d at 1268. "[T]he suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Brady v. Maryland*, 373 U.S. 83, 87, 83 S. Ct. 1194, 1196–97 (1963). To establish a *Brady* claim, a defendant must show:

> (1) that the government possessed evidence favorable to the defendant . . . ; (2) that the defendant does not possess the evidence, nor could he obtain it himself with any reasonable diligence; (3) that the prosecution suppressed the favorable evidence; and (4) that had the evidence been disclosed to the defense, a reasonable probability exists that the outcome of the proceedings would have been different.

*United States v. Hansen*, 262 F.3d 1217, 1234 (11th Cir. 2001) (per curiam). We do not, however, automatically require a new trial after a review of the prosecutor's files post trial reveals evidence that could have potentially been useful to the defense, but not likely to have changed the verdict. *See Giglio v. United States*, 405 U.S. 150, 154, 92 S. Ct. 763, 766 (1972).

Where a witness is determinative of guilt or innocence, the government is required to disclose evidence affecting the credibility of that witness. *See id.*

9

at154–55, 92 S. Ct. at 766.  To obtain relief on a *Giglio* claim, a defendant must prove: "(1) the prosecutor knowingly used perjured testimony or failed to correct what he subsequently learned was false testimony; and (2) such use was material, i.e., that there is any reasonable likelihood that the false testimony could have affected the judgment." *Ponticelli v. Sec'y, Fla. Dep't of Corr.*, 690 F.3d 1271, 1292 (11th Cir. 2012) (internal quotation marks omitted).

Similar to his claims of ineffective assistance of counsel, Matos cannot show that he was prejudiced by any alleged misconduct by the state.  Matos's *Brady* claim and allegations of prosecutorial misconduct all concern the presentation of the SDM/EDR evidence.  Primarily, Matos alleges that the state suppressed the "SDM Data Limitations" page.  Even if we were to conclude that Matos had met the first three *Brady* factors (which, certainly we do not), Matos still falls short of establishing the last *Brady* factor because, as mentioned above, there was other significant evidence at trial which indicated that Matos was driving well above the thirty-mile-per-hour speed limit.  *See Hansen*, 262 F.3d at 1234.  Because there was other evidence that indicated that Matos was driving through the residential neighborhood at a reckless speed, we cannot conclude that any alleged prosecutorial misconduct related to the presentation of the SDM/EDR evidence— the state's alleged suppression of the SDM Data Limitations page—would have changed the outcome of the trial.  *See id*.  With respect to Matos's *Giglio* claim, the

record does not support his argument that the state's expert gave false testimony simply because the state's expert relied on the SDM/EDR evidence. *Ponticelli*, 690 F.3d at 1292.  Therefore, we conclude that Matos's prosecutorial misconduct claim is meritless, and the district court's denial of the same was proper.

   **AFFIRMED.**