[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-11583
Non-Argument Calendar
_____

D.C. Docket No. 8:17-cv-00932-VMC-AAS


DAVID EVERETT JONES,

Petitioner-Appellant,

versus

SECRETARY, DEPARTMENT OF CORRECTIONS,
ATTORNEY GENERAL, STATE OF FLORIDA,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(May 31, 2019)

Before TJOFLAT, JILL PRYOR, and ANDERSON, Circuit Judges.

PER CURIAM:

David Everett Jones, a Florida state prisoner proceeding *pro se*, appeals the district court's dismissal of his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, on the grounds that it was untimely. On appeal, Jones argues that his motion to correct his sentence under Fla. R. Crim Pro. 3.801 resulted in a new judgment sufficient to trigger a new one-year limitations period for filing his § 2254 petition under 28 U.S.C. § 2244(d).

We "review *de novo* a district court's denial of a habeas petition as untimely." *Chavers v. Sec'y, Fla. Dep't of Corr.*, 468 F.3d 1273, 1274 (11th Cir. 2006).

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2254 petitions are governed by a one-year statute of limitations that begins to run on the latest of four triggering events:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  To determine whether a petition was timely filed within one year after the conviction became final, the court must determine: (1) when the prisoner filed the federal collateral petition, and (2) when the prisoner's judgment of conviction became final.  *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999).  The one-year federal limitation period is statutorily tolled during times in which a properly filed application for state post-conviction relief is pending.  28 U.S.C. § 2244(d)(2).  State post-conviction proceedings filed after the expiration of the AEDPA's limitation period do not toll or reset the limitation period.  *Sibley v. Culliver*, 377 F.3d 1196, 1204 (11th Cir. 2004).

For purposes of determining timeliness under AEDPA, there is one judgment, comprised of both the underlying conviction and the most recent sentence authorizing the petitioner's detention.  *Insignares v. Sec'y, Fla. Dep't of Corr.*, 755 F.3d 1273, 1281 (11th Cir. 2014).  Because the AEDPA's limitation provisions focus on the judgment holding the petitioner in confinement, a resentencing will result in a "new judgment" that effectively restarts the limitation period.  *Id.*

However, not all changes to a sentence render an order a "new judgment." *Patterson v. Sec'y, Fla. Dep't of Corr.*, 849 F.3d 1321, 1326 (11th Cir. 2017) (*en banc*).  In determining whether a new judgment has been entered, the relevant question is whether the judgment authorizes the petitioner's confinement, rather

3

than the magnitude of change in the sentence. *Id.* at 1326-27. In *Patterson*, we held that the petitioner's original judgment of conviction and sentence of life imprisonment plus chemical castration was the only judgment allowing the Florida Department of Corrections to imprison him, and that the subsequent order granting his motion to correct his sentence to remove the requirement that he undergo chemical castration was not a new judgment because it imposed no sentence and gave the Department no authority. *Id.* at 1326. We explained that the subsequent order was not transformed into a judgment authorizing the petitioner's custody merely due to the fact that the Department of Corrections would have to read both orders together to determine the scope of his confinement. *Id.*

The district court properly dismissed Jones's § 2254 petition as untimely. The granting of Jones's Rule 3.801 motion did not result in a new judgment sufficient to trigger a new limitations period because the trial court's order did not authorize Jones's confinement, but instead corrected a clerical error regarding the amount of time-served credit owed to him. *See Patterson*, 849 F.3d at 1326. Specifically, the trial court never entered a new judgment or order that authorized Jones's confinement after it granted his Rule 3.801 motion. Instead, it amended the incorrect portion of the original judgment to reflect the correct credit for time-served calculation, but the portion of the judgment authorizing Jones's confinement for two life sentences remained unchanged. Additionally, the trial

4

court issued a form to the Florida Department of Corrections, directing it to adjust its records to reflect the new credit for time-served calculation, but that form, like the amendment to the judgment, also did not authorize Jones's confinement.  Thus, the only judgment that authorized Jones's confinement was the original judgment entered when he was convicted in 2011.  *See Patterson*, 849 F.3d at 1326. Accordingly, we affirm.

**AFFIRMED.**