[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 20-10043

Non-Argument Calendar

_____

BYRON JAMAAL BROWN,

Petitioner-Appellant,

*versus*

SECRETARY, DEPARTMENT OF CORRECTIONS,
ATTORNEY GENERAL, STATE OF FLORIDA,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:17-cv-00465-TPB-SPF

_____

Before JORDAN, NEWSOM, and BRANCH, Circuit Judges.

PER CURIAM:

Byron Brown, proceeding *pro se*, appeals the dismissal of his 28 U.S.C. § 2254 petition for writ of habeas corpus as time-barred by the one-year statute of limitations established by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). He argues that his § 2254 petition was timely.[1] After review, we vacate the district court's opinion and remand the case for further proceedings.

---

[1] We granted Brown a certificate of appealability on the following issue:

> Whether the district court erred in determining that Brown's Fla. R. Crim. P. 3.800(a) motion, filed on March 1, [2012], did not toll the limitation period under [AEDPA], 28 U.S.C. § 2244(d)(1), because it was not "properly filed" within the meaning of the AEDPA.

We are limited to the issues specified in the certificate of appealability. *See McClain v. Hall*, 552 F.3d 1245, 1254 (11th Cir. 2008) ("In an appeal brought by an unsuccessful habeas petitioner, appellate review is limited to the issues specified in the certificate of appealability." (alteration adopted) (quotation omitted)). We thus do not consider Brown's arguments that relate to the merits of the substantive claim that he sought to litigate in his § 2254 petition, as that issue is beyond the scope of the certificate of appealability.

## I.    Background

In June 2010, Brown pleaded guilty to Florida robbery with possession of a firearm and was sentenced to 25 years' imprisonment followed by 15 years' probation. Florida's Second District Court of Appeal summarily affirmed Brown's conviction and sentence on direct appeal on October 7, 2011. *Brown v. State*, 75 So. 3d 1252 (Fla. 2d DCA 2011) (table).[2]

On March 1, 2012, Brown filed a motion to correct illegal sentence, under Fla. R. Crim. P. 3.800(a),[3] in the trial court. On May 14, 2012, the trial court dismissed the motion without prejudice, concluding it was facially insufficient because it "failed to affirmatively allege that the error appear[ed] on the face of the

---

[2] Following issuance of the DCA's opinion in his direct appeal, Brown filed a "motion for rehearing, clarification, and request for written opinion," but Florida's Second District Court of Appeal struck the motion as untimely. It is undisputed that this filing did not toll the federal limitations period. *See Chavers v. Sec'y, Fla. Dep't of Corr.*, 468 F.3d 1273, 1275 (11th Cir. 2006) (The 90-day period for seeking certiorari review of a conviction "runs from the date of entry of the judgment or order sought to be reviewed, not from the issuance of the mandate (or its equivalent under local practice)." (quoting Sup. Ct. R. 13.3)); *see also Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005) ("When a postconviction petition is untimely under state law, that is the end of the matter for purposes of § 2244(d)(2)." (quotations omitted)).

[3] Under Rule 3.800(a), "[a] court may at any time correct an illegal sentence imposed by it . . . when it is affirmatively alleged that the court records demonstrate on their face an entitlement to that relief . . . ." Fla. R. Crim. P. 3.800(a)(1).

record, and how and where the record demonstrate[d] entitlement to relief."[4]

On May 30, 2012, Brown filed a second Rule 3.800(a) motion in the trial court. The trial court denied the motion on the merits on November 27, 2012. Brown appealed, the state appellate court affirmed, and the mandate issued on December 26, 2013.

On April 4, 2014, Brown filed a third Rule 3.800(a) motion in the trial court. The trial court denied the motion as successive, the state appellate court affirmed that denial, and the mandate issued on January 22, 2016.

Meanwhile, on January 20, 2016, while the appeal from the denial of his third Rule 3.800(a) motion was pending, Brown filed a fourth Rule 3.800(a) motion in the trial court. The trial court denied the motion, the state appellate court affirmed, and the mandate issued on August 8, 2016.

Subsequently, on February 22, 2017, Brown filed a federal habeas petition, pursuant to 28 U.S.C. § 2254. The State moved to dismiss the § 2254 petition as time-barred, asserting that Brown's first Rule 3.800(a) motion did not toll the federal statute of limitations period because it was not "properly filed" as it failed to "affirmatively allege[] that the court records demonstrate[d] on

---

[4] The state court held in the alternative that Brown was not entitled to relief on the merits of the motion.

their face an entitlement to relief." (quotation omitted). Therefore, Brown's instant § 2254 petition was untimely because it was filed outside AEDPA's one-year statute of limitations after accounting for all of the applicable tolled periods during the state proceedings. The district court determined without further explanation that the State "correctly calculate[d] the limitation, which show[ed] that the [§ 2254 petition] [was] untimely." The district court denied a certificate of appealability, but Brown obtained one on the timeliness issue from this Court. This appeal followed.

## II.    Discussion

Liberally construing Brown's *pro se* brief,[5] he argues that his § 2254 petition was timely, and the district court erred in concluding otherwise.

"We review *de novo* a district court's denial of a habeas petition as untimely." *Chavers v. Sec'y, Fla. Dep't of Corr.*, 468 F.3d 1273, 1274 (11th Cir. 2006).

Under AEDPA, § 2254 petitions are governed by a one-year statute of limitations period that begins to run on, as relevant here, "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). A state

---

[5] "*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003) (quotation omitted).

prisoner's conviction generally becomes final when the Supreme Court denies certiorari or issues a decision on the merits, or when the 90-day period in which to file a certiorari petition expires. *Nix v. Sec'y for Dep't of Corr.*, 393 F.3d 1235, 1236–37 (11th Cir. 2004). The 90-day period for seeking certiorari review of a conviction runs from the date of entry of the judgment sought to be reviewed, not from the issuance of the mandate. *Chavers*, 468 F.3d at 1275.

Additionally, the one-year federal limitations period is statutorily tolled during times in which a "properly filed application" for state post-conviction relief is pending. 28 U.S.C. § 2244(d)(2). A state post-conviction motion remains pending for the time during which the petitioner could have appealed from the trial court's ruling, even if the petitioner does not seek appellate review.[6] *Cramer v. Sec'y, Dep't of Corr.*, 461 F.3d 1380, 1383 (11th Cir. 2006). If an appeal is taken, a post-conviction motion remains pending until issuance of the mandate by the state appellate court. *Nyland v. Moore*, 216 F.3d 1264, 1267 (11th Cir. 2000).

In this case, Brown's conviction and sentence became final on January 5, 2012, when the 90-day window for filing a *certiorari* petition in the United States Supreme Court from the Second Circuit's decision in his direct appeal expired. *Nix*, 393 F.3d at

---

[6] Under Florida law, a state prisoner has 30 days to appeal an order dismissing or denying a Rule 3.800(a) motion. Fla. R. Crim. P. 3.800(a)(4).

1236–37.  At that time, the federal one-year statute of limitations for filing a timely § 2254 petition started running.  *See* 28 U.S.C. § 2244(d)(1)(A).  Fifty-six days later, Brown filed his first Rule 3.800(a) motion on March 1, 2012, which the trial court dismissed on May 14, 2012.  The timeliness of Brown's § 2254 petition turns on whether the first Rule 3.800(a) motion was "properly filed" within the meaning of AEDPA, and thus tolled the federal limitations period.  If it was "properly filed," then Brown's § 2254 petition was timely.  On the other hand, if it was not properly filed, then Brown's § 2254 petition was untimely.

The State maintains that the first Rule 3.800(a) motion was not "properly filed" and therefore did not toll the federal limitations period because Rule 3.800(a) contains a pleading requirement that the motion "affirmatively allege[] that the court records demonstrate on their face an entitlement to that relief," *see* Fla. R. Crim. P. 3.800(a).  The State contends that the pleading requirement is a condition for filing.

In *Artuz v. Bennett*, the Supreme Court rejected an argument that "an application for state postconviction or other collateral review is not 'properly filed' for purposes of § 2244(d)(2) unless it complies with all mandatory state-law procedural requirements that would bar review of the merits of the application."  531 U.S. 4, 8 (2000).  The Supreme Court explained that

> [a]n application is "filed," as that term is commonly understood, when it is delivered to, and accepted by,

the appropriate court officer for placement into the official record. And an application is "*properly* filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee. . . . But in common usage, the question whether an application has been "properly filed" is quite separate from the question whether the claims *contained in the application* are meritorious and free of procedural bar.

*Id.* at 8 (emphasis in original) (quotations omitted) (footnote and internal citations omitted). Applying this definition, the Supreme Court held that an application for state post-conviction relief was properly filed even though it contained claims that were procedurally barred by statute. *Id.* at 8-11. The Court explained that the motion was properly filed because the procedural bar set forth a condition for obtaining relief, rather than a condition for filing, and while a motion that violated the statutory provisions would not succeed, it would be considered "properly delivered and accepted so long as the filing conditions have been met." *Id.* at 11.

Under *Artuz*, "properly filed" means delivered to the proper person, at the proper time, with the required filing fees, in a form that enables the court to initiate consideration of the motion. *See id.* at 8; *Gorby v. McNeil*, 530 F.3d 1363, 1366 (11th

Cir. 2008) (explaining that a state postconviction motion "is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings, which typically include the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee" (quotation omitted)).

Applying *Artuz*, we have rejected the argument that a motion was "not 'properly filed' because it was not sufficiently specific and thus facially invalid." *Brown v. Sec'y for the Dep't of Corr.*, 530 F.3d 1335, 1337 (11th Cir. 2008). And we emphasized that "[f]acial invalidity . . . [of a pleading] is not determinative of 'proper filing'" for purposes of AEDPA. *Id.*

Like the argument advanced in *Brown*, the State's argument here hinges on the sufficiency and facial validity of the Rule 3.800(a) motion, which are not the typical "filing conditions" that "go to the very initiation of a petition and a court's ability to consider that petition." *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005) (explaining that "[f]or purposes of determining what are "filing" conditions, there is an obvious distinction between time limits, which go to the very initiation of a petition and a court's ability to consider that petition, and the type of "rule of decision" procedural bars at issue in *Artuz*, which go to the ability to obtain relief"). Here, the state court dismissed the Rule 3.800(a) motion as facially insufficient, and alternatively denied it on the merits. There was no allegation that the motion did not meet any filing requirements. Thus, we conclude that the district court erred in

determining that the first Rule 3.800(a) motion was not properly filed within the meaning of 28 U.S.C. § 2244(d)(2).[7] *See Brown*, 530 F.3d at 1337. Therefore, because the first Rule 3.800(a) motion was properly filed, it tolled the federal statute of limitations under § 2244(d)(2), which means that Brown's § 2254 petition was timely.

Accordingly, we vacate the district court's opinion and remand the case for further proceedings.

**VACATED AND REMANDED.**

---

[7] The State argues that our unpublished decision in *Price v. Secretary Department of Corrections*, 489 F. App'x 354 (11th Cir. 2012), compels the conclusion that Brown's first Rule 3.800(a) motion was not properly filed. The State's argument is unpersuasive. As we have emphasized repeatedly, "[u]npublished decisions are not binding authority and they are persuasive only to the extent that a subsequent panel finds the rationale expressed in that opinion to be persuasive after an independent consideration of the legal issue." *Collado v. J.&G. Transp., Inc.*, 820 F.3d 1256, 1259 n.3 (11th Cir. 2016). To the extent there is any conflict between *Brown* and *Price*, *Price* is not binding and cannot overrule our earlier decision in *Brown* that the facial sufficiency or validity of a pleading is not determinative of whether the motion is properly filed for purposes of § 2244(d)(2).